L. Barron Hill, J.
This is a motion to confirm the report of the Referee in surplus money proceedings. The Referee has reported and requested a fee of $350 and disbursements of $16.25 which are allowed.
The Referee has been presented with a difficult question of law as to whether an unrecorded assessment for Federal withholding taxes in favor of the United States of America has priority over subsequently recorded mechanics ’ liens which liens are recorded, however, prior to the recording of the tax lien. The Referee has found in favor of the United States whose claim exceeds the surplus. Realizing that the question of law is far from settled, the Referee has also reported the amounts of six mechanics’ liens and that said lienors have stipulated that there be no priority among them, but that they shall share any surplus on a prorata basis.
It is generally conceded by all parties interested herein that the status of the Federal tax lien is a matter of Federal law although State law will be considered where relevant (United States v. Kings County Iron Works, 224 F. 2d 232, 235).
Similar situations have been presented to the courts of this State and the Federal courts on various occasions. It appears to be the tendency of the Federal courts to prefer the United States tax lien over the interest of the mechanics’ lienors (United States v. Kings County Iron Works, supra), while the courts of this State tend to uphold the positions of the mechanic lienor. (Cranford Co. v. Leopold & Co., 189 Misc. 388, affd. 273 App. Div. 754, affd. 298 N. Y. 676; Bain v. Caruso-Sturcey Corp., 134 N. Y. S. 2d 246; Aquilino v. United States, 140 N. Y. S. 2d 355.)
*476 There is no doubt where the equity lies in this situation. These mechanics’ lienors have put their labor, material and services into the premises which have now been sold in this mortgage foreclosure action. Their labors and materials have enhanced the value of the premises and have undoubtedly made it possible for a surplus to exist. Opposing their claims, we find the'United States which has chosen to designate the former owner of the premises as its agent for the collection of income taxes imposed by the Federal Government; it now finds that the agent so chosen was unworthy or incapable of the trust imposed and so seeks to recoup its losses at the expense of these mechanics’ lienors without prior notice to them of its claim.
In United States v. Kings County Iron Works (supra) it is claimed that the trust fund rationale established in Cranford Co. v. Leopold & Co. (supra) is fallacious because it does not concur with decisions in other jurisdictions; it is asserted that a mechanic’s lien in this State is general and inchoate until such time as an action is commenced to foreclose the lien. While the opinion of the Court of Appeals of the Second Circuit is entitled to great respect and consideration as to the law of this State, it does not control over the precedents established by the Court of Appeals of this State.
In Kane Co. v. Kinney (174 N. Y. 69, 73) it is stated: “ The object and purpose of the Mechanics’ Lien Law was to protect a person who, with the consent of the owner of real property, enhanced its value by furnishing materials or performing labor in its improvement by giving him an interest therein to the extent of the value of such material or labor. The filing of the notice of lien is the statutory method prescribed by which the party entitled thereto perfects his inchoate right to that interest. That is the manner and mode of procedure in which the right is asserted. A certain time is allowed in which the lien may be asserted or lost. During that time there is a preferential statutory right in the nature of an unperfected equitable lien in favor of the laborer, mechanic, materialman or sub-contractor. And when a notice of lien is filed that right is perfected. But until the ninety days allowed by the statute within which the lien may be filed have elapsed the right cannot be defeated by the voluntary act of the party against whom it might be asserted, such as a general assignment for the benefit of creditors. If such were the effect of the assignment no laborer or material-man’s claim would be secure, and the beneficial purpose of the statute could be defeated unless a lien was filed at the time the work was commenced and from day to day thereafter.” (Emphasis mine.)
*477 There is, then, no requirement that the lien be foreclosed by action to perfect the lienor’s right. Such a procedure is available if the owner disputes the amount of the lien or arbitrarily refuses to pay the lienor. In most instances the lienor is paid without any further legal action. The lienor never loses his right to sue for his labor or material by failure to foreclose his lien within the statutory period; he may, however, lose his preferred status involving the particular res against which his lien is filed. His action at law remains until barred by the general Statute of Limitations on contracts.
In this surplus money proceeding, the lienors have submitted proof of their claims to the Referee as provided by statute and the amount of their lien has been determined and found by him.
The inequities of the Federal statutes which the United States relies on (U. S. Code, tit. 26, §§ 6321-6323) have been remedied in several specific instances, i.e., a mortgagee, pledgee, purchaser or judgment creditor of the taxpayer.
One cannot be blind to the practical considerations of a problem of this type. If the Government’s contention is adopted, it means that every laborer and every materialman, henceforth, to be secure will either have to demand immediate payment on doing the work or delivery of his goods or make daily checks with the nearest office of the Collector of Internal Revenue. As is pointed out in House of Representatives Report No. 1018 (62d Cong. 2d Sess. [1912]): “ The business carried on under the internal-revenue law may be at a great distance from the property affected by this secret lien ”.
In this judicial district, extending for over 125 miles, there is no office of a Collector of Internal Revenue. The practical difficulties to be encountered in determining an owner’s tax status are almost insuperable for the average laborer or materialman.
It is the obvious intention of Congress to satisfy a taxpayer’s duties only out of the property “ belonging to such person ” (U. S. Code, tit. 26, § 6321). It is also apparent that under the law of this State a mechanic lienor, who perfects his rights according to statute, has a superior right in the specific res than does the nominal owner (Kane Co. v. Kinney, supra). Where such right has been perfected against a delinquent taxpayer, it cannot be said that the specific interest in the res belongs to him.
Again with due respect to the determination in United States v. Kings County Iron Works (supra) I am constrained to follow the determination affirmed by the Court of Appeals of this State in Cranford Co. v. Leopold & Co. (supra).
*478 The Referee’s report, therefore, insofar as it finds the lien of the United States to be superior to any mechanics ’ liens filed with the County Clerk of Nassau County prior to June 5, 1953, the date of filing with said County Clerk of the Federal tax lien, is disapproved. In all other respects, the report is confirmed.