■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ZOLA A. ARONSON, Appellant, v. JOHN F. McNEILL, as Superintendent of Matteawan State Hospital, Respondent.— In a habeas corpus proceeding instituted by relator, an attorney, on behalf of 57 patients of Matteawan State Hospital, the relator appeals from an order of the Supreme Court, Dutchess County, entered October 16, 1962, which dismissed the writ upon the basis of the decision rendered in a companion case (*People ex rel. Brown* v. *McNeil*, 35 Misc 2d 53). By stipulation the parties had agreed to be bound by the court's decision in the companion case. In that decision the court held section 412 of the Correction Law to be constitutional. Order affirmed. The sole question here presented involves the constitutionality of that portion of section 412 of the Correction Law which provides for the transfer to Matteawan State Hospital, upon the written order of the Commissioner of Mental Hygiene, of any patient of a State hospital

"who has previously been sentenced to a term of imprisonment in any correctional institution, and who still manifests criminal tendencies". The case at bar is an outgrowth of a case decided in the United States Court of Appeals for the Second Circuit (*U. S. ex rel. Carroll* v. *McNeill*, 294 F. 2d 117), wherein the section was held to be unconstitutional. In the *Carroll* case, certiorari was granted by the United States Supreme Court (368 U. S. 951), but during the pendency of the appeal the relator Carroll died and the Supreme Court dismissed the appeal as moot (369 U. S. 149). In support of his appeal to the Supreme Court, however, the Attorney-General of the State of New York had filed a "Jurisdictional Statement" which declared that the decision of the United States Court of Appeals in *Carroll* (holding said section 412 of the Correction Law to be unconstitutional) affected the status of 57 patients currently at Matteawan State Hospital. Thereupon, the instant relator, an attorney, instituted the present proceeding on behalf of those 57 patients. The language in section 85 of the Mental Hygiene Law, which differs from that contained in section 412 of the Correction Law, has been construed to mean that a patient who has not been previously sentenced to a correctional institution, but who is presently confined in a State mental institution, is entitled to the protection of a court certification (to be made after certain detailed judicial proceedings) that he "has committed or is liable to commit an act or acts which if committed by a sane person would constitute homicide or felonious assault, or is so dangerously mentally ill that his presence in such a hospital is dangerous to the safety of other patients therein". In the *Carroll* case (*supra*) the Federal Court of Appeals held that the denial of the judicial transfer-procedures to patients who have been previously sentenced to a correctional institution was unconstitutional. The court stated its rationale as follows (294 F. 2d 117, 120) : "We are of the opinion that the denial of a judicial transfer procedure arbitrarily discriminates against those patients who have fully served prior sentences for crimes and have subsequently been admitted by civil process to a state institution of the type of Pilgrim, and denies to this class of patients the equal protection of the laws guaranteed to them by the Fourteenth Amendment." We are in accord with the rationale of the *Carroll* case as thus expressed, i.e.: that the failure to furnish a prior hearing to those patients transferred pursuant to administrative order, as provided in that portion of section 412 of the Correction Law here in issue, is arbitrarily discriminatory and constitutes a denial of "the equal protection of the laws." It may well be that the denial of a pretransfer hearing to these patients would also render the statute violative of due process (see *Matter of Coates*, 9 N Y 2d 242, 252; *People ex rel. Morriale* v. *Branham*, 291 N. Y. 312; *Matter of Hecht* v. *Monaghan*, 307 N. Y. 461, 468; *Wong Yang Sung* v. *McGrath*, 339 U. S. 33, 50). Nevertheless, we are constrained to affirm the order here reviewed on the authority of *People ex rel. Monaco* v. *McNeill* (299 N. Y. 605). In the *Monaco* case, the question of the unconstitutionality of section 412 was specifically raised and rejected by the Court of Appeals of this State. In our opinion, despite contrary comments in *Carroll*, the *Monaco* case is *not* distinguishable from the case at bar; it is determinative of the constitutional issue involved herein; and it must be deemed to be controlling. Under all the circumstances, an affirmance of the order dismissing the instant writ is compelled by the views adopted by the New York Court of Appeals in *Monaco*. Beldock, P. J., Ughetta, Hill, Rabin and Hopkins, JJ., concur.