THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD F. LA BELLE, Appellant.

Third Department, June 28, 1971.

*Marvin I. Honig* for appellant.

*Con G. Cholakis, District Attorney (Richard P. Wallace* of counsel), for respondent.

Simons, J. This is an appeal from a judgment of the County Court of Rensselaer County, upon a verdict convicting the defendant of the crime of murder in the first degree (Penal Law, § 1044, subd. 2).[1]

The appellant has been convicted of causing the death of 15-year-old Rosemary Snay November 28, 1963 during the commission of a rape. The evidence is largely circumstantial, but it is sufficient to sustain the conviction if, as a matter of law, evidence acquired in a search of defendant's automobile without a warrant and a subsequent search of his apartment with a warrant was admissible at the trial. The search of the automobile produced extensive damaging evidence connecting appellant with the murder and if that search was permissible appellant concedes there existed probable cause for the warrant to search the apartment.

Rosemary Snay was last seen alive on November 28, 1963 near her home in Cohoes, New York. On November 30, 1963 her body was found face down in a stream running through a culvert under a country road. When found, the midsection of the body was exposed and her clothes were around her ankles and arms, torn in several places and bloodied. Her skull had been crushed by several blows and there was evidence she had engaged in sexual intercourse around the time of her death.

At about 7:00 a.m. December 3, 1963 appellant was stopped in his car on an icy hill in the City of Troy while driving to work. He was arrested by officers Keating and Garrett of the New York

---

1. For related cases, see *People* v. *La Belle,* 44 Misc 2d 327; *People* v. *Edward La Belle,* 16 N Y 2d 807; *People* v. *Richard La Belle,* 24 A D 2d 350; *People* v. *Richard La Belle,* 18 N Y 2d 405; *People* v. *Richard La Belle,* 37 A D 2d 658.

State Bureau of Criminal Investigation for assault, third degree, upon the complaint of Mary Dolan, age 14. She charged that during the early evening of November 28, 1963 two men in the car owned by Edward La Belle, twice tried to grab her and force her into the car while she was walking home. That warrant was invalid, a fact unknown to the arresting officers, because the Magistrate issued it on supporting papers which were legally insufficient. Nevertheless, the arrest was lawful because made upon probable cause held by the arresting officers. (*Deringer* v. *United States,* 378 F. 2d 346, cert. den. 389 U. S. 885.) The details of the assault were communicated to Keating and Garrett by Lieutenant Brandon who had talked to Mary Dolan. The police officers had probable cause to make the arrest even though they relied on remote or proximate hearsay in acting. (*United States* v. *Simon,* 409 F. 2d 474, cert. den. 396 U. S. 829.)

After the arrest of La Belle, Lieutenant Brandon was notified and he dispatched officer White to go to the scene and assist the arresting officers. When White arrived, he checked to see if the brake of appellant's car was set and in doing so noticed the ignition was still on. While leaning into the car to turn off the key, White observed what he believed to be blood stains on the dashboard. He called Brandon, told him the car was stopped in an unsafe location and that he noticed apparent blood stains inside it. Brandon directed removal of the car to the police garage for a search. The search revealed numerous blood stains, all human, and several identified as the same type blood as that of Rosemary Snay; several hairs of the same type, quality and color as the victim's were found in the car; a zipper pull which fit the zipper on the victim's pants was found and a part of a brassiere strap was found which matched a missing part of the brassiere on the body. A crowbar and a hatchet were in the trunk and both contained blood and human hairs having the same physical characteristics as the victim's hair.

Appellant's argument is that even if this was a lawful arrest, and he denies it, a warrantless search is invalid unless made incident to the arrest. (*Preston* v. *United States,* 376 U. S. 364; *People* v. *Lewis,* 26 N Y 2d 547, 552.) Since the search of the La Belle car was made at a time and place remote from the arrest and was not incidental to it, appellant says the evidence was unlawfully obtained and should have been suppressed.

An automobile may be searched without a warrant if there is probable cause to justify the search. (*Carroll* v. *United States,* 267 U. S. 132, 158.) The probable cause exists entirely independent of the arrest of the defendant. The search and seizure is

lawful not because incidental to the arrest, but because of independent probable cause to search the car. (*Chambers* v. *Maroney,* 399 U. S. 42.) If there is a reasonable belief before the search begins that the car contains contraband or evidence of a crime, the search may lawfully be made. (*People* v. *Brown,* 28 N Y 2d 282.)

Arguably, the *Chambers* and *Brown* decisions are distinguishable because in both cases arrests were made and reasonable grounds existed to believe that evidence of the .crime for which the defendants were arrested would be found in the cars. But the probable cause to search the cars at a time and place remote from the arrest existed independent of it and, therefore, evidence of unrelated crimes which was found was lawfully obtained.

What constitutes probable cause under the Fourth Amendment is a determination which must be made on the facts. The test of reasonableness differs for cars and buildings. (*Carroll* v. *United States, supra.*) The constitutional protection from search and seizure afforded a man's home is greater than that afforded his car not only because cars are mobile, but also because they are less private. Certainly, the removal of the car was a reasonable decision. Its location was such that it could cause damage or be damaged. But more important, the nature of the evidence, blood stains, which were easily removable once the suspects were on notice, coupled with the fact that Richard La Belle was not yet in custody,[2] indicated the necessity of safeguarding the car.

The People readily admit that at the time of the arrest for assault, Keating and Garrett did not have probable cause to search the car and the police did not have probable cause to arrest appellant for murder. But Lieutenant Brandon ordered the search of the La Belle car when told of blood stains in the car by officer White. This fact was superimposed on other information known to him at the time as officer in charge of investigating the Snay murder. He knew that Edward La Belle and his brother, Richard, had been in Cohoes in Edward's car the same evening that Rosemary disappeared and that on the same evening they had tried to pick up Mary Dolan. Furthermore, Rosemary's body had been found in a rural area indicating the possibility that a car was involved in the crime. Because this was a particularly bloody homicide, residual signs of blood might be

---

2. A warrant for Richard La Belle's arrest for assault, third degree, was issued at the same time as the warrant for Edward's arrest. They were delivered to separate officers for execution and Richard was not, in fact, arrested until two or three hours later.

expected to be found on clothes or car (officer Pollack observed blood stains on the car other than those White saw, after the car was delivered to him but before he entered it). Brandon's decision to search the car when White reported the blood stains was reasonable.

It has been said that "sufficient probability, not certainty, is the touchstone of reasonbleness under the Fourth Amendment" (*Hill* v. *California,* 401 U. S. 797, 804). There was probable cause for the search of the La Belle automobile and apartment and the evidence obtained was properly admitted upon trial.

The judgment should be affirmed.

REYNOLDS, J. P., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Judgment affirmed.