In the Matter of DANIEL E. GREENWALD, Petitioner, v. LOUIS J. FRANK, as Commissioner of Police of the County of Nassau, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination which adjudged petitioner guilty of certain charges and imposed a penalty. Determination confirmed and petition dismissed on the merits, with costs. No opinion. Hopkins, Acting P. J., Latham, Cohalan and Brennan, JJ., concur; Shapiro, J., dissents, and votes to annul the determination and remand the proceeding to Special Term for a hearing, with the following memorandum: This is a proceeding pursuant to article 78 of the CPLR to review the determination of respondent Commissioner of Police of Nassau County finding petitioner, Greenwald, guilty of violation of two articles of the rules and regulations of the Nassau County Police Department and fining him one day's pay on the first charge and three days' pay on the second charge. This court is confirming that determination. I dissent. The petitioner brought a prior article 78 proceeding, in his individual capacity as a member of the Police Department of Nassau County and as president of the Nassau County Patrolmen's Benevolent Association, the certified bargaining agent for all members of the Nassau County Police Department, to annul and cancel rule 22 of article VIII of the rules and regulations of the Nassau County Police Department, one of the two rules which he has been found guilty of violating. The portion of rule 22 he there attacked provided: "Personal appearance * * * Male personnel shall comply with the following grooming standards unless excluded by their Commanding Officer due to special assignment: * * * Sideburns—Sideburns shall not extend below the mid part of the ear and shall be trimmed level. Moustaches—A short and neatly trimmed moustache may be worn, but not extend over the top of the upper lip or beyond the corners of the mouth. Beards Goatees—Male personnel shall be clean shaven when reporting for duty. Beards or goatees shall not

be worn while on duty. A growth of whiskers shall be permitted while on duty for medical reasons only when approved by the Chief Surgeon." Petitioner's contention in that proceeding was that rule 22 was an arbitrary, capricious and unreasonable restriction on his personal choice of appearance, interfered with his personal life while off duty and was in violation of his statutory and constitutional rights. That proceeding, which, upon the parties' stipulation, was treated as an action for a declaratory judgment, resulted in a ruling adverse to petitioner by the majority of this court, which, on October 30, 1972, declared (*Matter of Greenwald* v. *Frank*, 40 A D 2d 717): "The rationale of the modest regulation in question, concerning personal appearance, setting forth rules as to haircuts, sideburns, mustaches and beards, is that there should be neatness and discipline in a large quasi-military organization such as the Nassau County Police Department so that the general public will have respect for the members of the department. In our opinion this regulation does not raise issues which rise to the dignity of constitutional questions." I dissented in a memorandum in which, *inter alia,* I stated that "there is a constitutional right to determine one's own personal appearance and that, therefore, the State bears the burden of establishing substantial justification for any regulation it may impose which limits that right" (p. 719). On May 30, 1973 our Court of Appeals affirmed this court's ruling without opinion (32 N Y 2d 862). Thereafter, on August 22, 1973, the United States Court of Appeals for the Second Circuit, in *Dwen* v. *Barry* (483 F. 2d 1126), had occasion to consider the Suffok County Police Department grooming rules which, for all practical purposes, are the same as those in effect in Nassau County. In reversing the District Court's dismissal of plaintiff's complaint, the United States Court of Appeals rejected the view that rules as to haircuts, sideburns, moustaches and beards are proper for discipline in a police organization, saying (p. 1129): "Discipline although essential to an effective police force as it is to the military is clearly of a different type. Instant unquestioning obedience has been found essential to a soldier in action and his training and its attendant discipline is designed to develop such obedience. The same type of instant unquestioning obedience is not necessary for an effective police force. *See* Greenwald v. Frank, *supra,* 40 A. D. 2d 717, 337 N.Y.S. 2d at 231–232 (Shapiro, J. dissenting); cf. Orloff v. Willoughby, *supra,* 394 U. S. at 94 * * * Rather it has been suggested that the military model of organization and discipline must not be followed too closely as a policeman unlike a soldier frequently acts individually on his own initiative and not subject to the immediate supervision of his superiors. *See W. Lee,* A History of Police in England at 401–402." On the question of whether such a grooming regulation raises issues of a constitutional dimension, the United States Court of Appeals said (p. 1130): "While it has been argued that hair length controversies are much ado about nothing, we think there is a substantial constitutional issue raised by regulation of the plaintiff's hair length. The question is whether the government may interfere with the physical integrity of the individual and require compliance with its standard of personal appearance without demonstrating some legitimate state interest reasonably requiring such restriction on the individual. The first, third, fourth, seventh and eighth circuits have held that the Constitution limits the state's right to regulate the personal appearance of its citizens. We agree." The opinion then concluded (pp. 1130–1131): "We hold only that choice of personal appearance is an ingredient of an individual's personal liberty, and that any restriction on that right must be justified by a legitimate state interest reasonably related to the regulation. Here the department has failed to make the slightest showing of

the relationship between its regulation and the legitimate interest it sought to promote. * * * In the absence of the requisite justification by the department, dismissal of the complaint under Rule 12 (b)(6) was in error. Nor would summary judgment on the affidavit submitted be justified since a genuine issue was presented for trial. We imply no views on the merits. *We indicate simply that, at trial, the Commissioner has the burden of establishing a genuine public need for the regulation"* (*emphasis supplied*). Despite that decision by a highly respected Federal appeals court having jurisdiction in the geographical area in which respondent is located, as to the existence of a constitutional question with regard to the validity of a regulation closely analogous to that which is attacked in the instant proceeding, petitioner was, nevertheless, on February 21, 1974 charged with violation of rule 22 of article VIII (the grooming provision) and rule 9 of article VI of the rules and regulations of the Nassau County Police Department. Rule 9 is a catch-all provision which reads in pertinent part: "Rule 9. Members of the Force or Department shall: 1. Promptly obey all lawful orders, instructions, directions, and requests of Superior Officers." The February 21 charges arose out of petitioner's refusal on January 7, 1974, despite direct orders of his superior officer, to trim his moustache so that it would not extend below his upper lip and beyond the ends of his mouth. On April 15, 1974, after an interdepartmental trial held on March 20, 1974, respondent found petitioner guilty as charged and fined him one day's pay on the first charge, violation of rule 22, and three days' pay on the second charge, violation of rule 9 (subd. 1) of article VI. On May 30, 1974, Chief Judge Mishler of the United States District Court for the Eastern District of New York, upon remand in the *Dwen* case, after a hearing held that the Commissioner of the Suffolk County Police Department had "failed to establish a legitimate state interest requiring" the restrictions imposed by its grooming standards rule on members of the police department and declared the rule to be "an arbitrary limitation and purposeless restraint" which "is violative of the Due Process Clause of the Fourteenth Amendment and therefore unconstitutional." He thereupon declared the rule void and of no effect and permanently enjoined the Suffolk County Police Commissioner from enforcing the rule. It is on the ruling of the United States Court of Appeals in *Dwen* and that of Judge Mishler upon remand in that case that petitioner relies for his contention that the grooming regulation is unconstitutional and therefore invalid. We are faced, therefore, in dealing with petitioner's contention, with the need to determine what the effect is on our ruling and its affirmance by our Court of Appeals of the subsequent and contrary ruling on the same question by the United States Court of Appeals. Clearly, if petitioner here, after failing to seek review in the Supreme Court of the United States of the above-mentioned decision of our New York State Court of Appeals, had sought to relitigate the same question in the lower Federal courts, he would have been unsuccessful (*Community Action Group* v. *City of Columbus*, 473 F. 2d 966, 973). The court there said: "Plaintiffs * * * ask us to act as an appellate tribunal to review the action taken in the State *nisi prius* courts and the judgment and mandate of the Court of Appeals of Georgia, even though the plaintiffs have the right to petition the Supreme Court of Georgia and the Supreme Court of the United States for certiorari. The State courts had jurisdiction of both the subject matter and the parties. It was the province of the State courts to decide the constitutional question raised there and here, and their decision, whether right or wrong, was an exercise of jurisdiction. It follows that 'no court of the United States other than this

[Supreme] Court could entertain a proceeding to reverse or modify the judgment for errors of that character. * * * To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original. Rooker v. Fidelity Trust Co., 1923, 263 U.S. 413, 416'".

In a note in 147 A. L. R. 857 on this question, eight State rulings are cited as holding that a lower Federal court ruling is binding on the State courts in dealing with interpretation of a Federal statute. However, a much larger number of the decisions cited in the note go the other way and hold that the rulings of lower Federal courts on an issue of Federal constitutionality are not binding on State courts. Typical of this view is *United States ex rel. Lawrence* v. *Woods* (432 F. 2d 1072, 1075) where Chief Judge Swygert said: "Although we have found no federal court decisions dealing directly with the point, state appellate courts on occasion have discussed the effect of lower federal court decisions on subsequent cases arising in state courts. For example, the Supreme Court of New Jersey in State v. Coleman, 46 N.J. 16, 214 A 2d 393, 402, 403 (1965), declining to follow an earlier holding of the Third Circuit in a different case which involved an identical question of law, said that although it recognized that the United States Supreme Court 'is the final arbiter on all questions of federal constitutional law,' the court of appeals holding 'is not binding on us in other cases which came before us in the exercise of our acknowledged State jurisdiction.' The Court added: 'In passing on federal constitutional questions, the state courts and the lower federal courts have the same responsibility and occupy the same position; there is a parallelism but not paramountcy for both sets of courts are governed by the same reviewing authority of the Supreme Court.' The court then cited a number of decisions from various state jurisdictions supporting this principle." Chief Judge Swygert concluded (p. 1075): "Although some tribunals have held that decisions of lower federal courts are conclusive on state courts, *e.g.,* Handy v. Goodyear Tire & Rubber Co., 230 Ala. 211 * * * Kuchenmeister v. Los Angeles & S. L. R., 52 Utah 116 * * * we are persuaded that the view expressed by the New Jersey and Iowa appellate courts is the correct one." He added (p. 1076): "because lower federal courts exercise no appellate jurisdiction over state tribunals, decisions of lower federal courts are not conclusive on state courts." The conclusion reached by Chief Judge Swygert clearly sets forth the preferred and more logical view. Finally, in this respect, it is clear that if, instead of a ruling by the United States Court of Appeals on the Federal constitutional issue in question, we were dealing with such a contrary ruling by the Supreme Court of the United States, this court as well as the Court of Appeals of the State of New York would be bound by such a ruling under the supremacy clause (art. VI) of the Constitution of the United States (*Henry* v. *City of Rock Hill,* 376 U. S. 776; *Healey* v. *Ratta,* 292 U. S. 263, 270; *Evers* v. *Jackson Municipal Separate School Dist.,* 232 F. Supp. 241; 20 Am. Jur., Courts, §§ 10, 12). It is equally clear that if petitioner had initiated this proceeding purely for the purpose of again testing the constitutionality of the regulation which he attacked in his prior appeal to this court and to our Court of Appeals he would be barred from so doing by the doctrine of *res judicata.* So, for example, in *Matter of New York State Labor Relations Bd.* v. *Holland Laundry* (294 N. Y. 480, 493), the court said: "Justice requires that every cause be once fairly and impartially tried; but the public tranquility demands that, having been once so tried, all litigation of that question, and between those parties, should be closed forever" (see, also, *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, 306). Hence petitioner cannot, by means of the instant pro-

ceeding, achieve an overturning of the prior decision against him by this court and the Court of Appeals. However, that conclusion does not dispose of the problem for, although petitioner cannot use the instant proceeding to review the previous judicial determinations holding the Nassau County Police Department grooming regulations as constitutional, he can, it seems to me, properly raise the issue of whether the regulations are being constitutionally applied to him. In *Dwen* (483 F. 2d 1126, 1131, *supra*), the United States Court of Appeals remanded the case to the District Court for a trial of the issues at which "the Commissioner [of Police] has the burden of establishing a genuine public need for the regulation." The same procedure should be followed here, since the imposition of the fines levied against petitioner rests solely upon the provisions of the rule adopted by respondent, without proof of any compelling State interest in its enforcement. In this connection it should be noted that the affirmance, *without opinion*, by our Court of Appeals of our majority decision in the prior proceeding did not necessarily mean that it adopted the reasoning of this court, for such an affirmance "' does not mean that we have adopted the opinion of the court below in its entirety' (*Adrico Realty Corp. v. City of New York*, 250 N. Y. 29, 44; *Commissioner of Public Welfare of City of N. Y. v. Jackson*, 265 N. Y. 440; *Massey v. Globe and Rutgers Fire Ins. Co.*, 274 N. Y. 489)" (*Matter of Lincoln Park Lanes v. State Liq. Auth.*, 36 A D 2d 188, 191, affd. 31 N Y 2d 1009). Therefore, both as a matter of law and in the interest of justice, respondent's determination should be annulled and the proceeding remanded to Special Term to take proof and determine whether there is a legitimate State interest in requiring petitioner to comply with the restrictions set forth in the grooming rule in question.