### THIRD DEPARTMENT, July, 1975

### (July 2, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN LEMMONS et al., Appellants.—Judgments, County Court, Ulster County, rendered on June 28, 1974 and August 22, 1974, affirmed. No opinion. Herlihy, P. J., Larkin and Reynolds, JJ., concur; Greenblott and Sweeney, JJ., concur in part and dissent in part in a memorandum by Greenblott, J. Greenblott, J. (concurring in part and dissenting in part). These are appeals from judgments of the County Court of Ulster County, rendered June 28, 1974 in the cases of defendants Hardrick and Allen, and August 22, 1974 in the cases of defendants Lemmons and Doe* upon a verdict convicting each of the defendants of two counts of the crime of possession of a loaded handgun in violation of subdivision 2 of section 265.05 of the Penal Law. On March 28, 1973, the defendants Lemmons, Hardrick, Allen and Doe were driving in an automobile on the New York State Thruway that was stopped for a speeding violation. In response to Trooper Emsing's request the driver, defendant Lemmons, produced a valid New York temporary registration certificate in his brother's name and a valid Michigan driver's license. As Trooper Emsing was making out the traffic citation at the patrol car, his partner, Trooper Askew, radioed for a computer check of the documents.

---

* Fictitious Name.

The reply message was that Lemmons was wanted in Michigan on a fugitive warrant for a weapons violation. As a result of receiving that information, Lemmons was placed under arrest, handcuffed and put in the back seat of the patrol car. Trooper Askew then returned to the car Lemmons had been driving, and according to his testimony as found credible by the County Court in the course of a suppression hearing, he noticed through a window on the passenger side a handgun sticking out of defendant Doe's pocketbook. (Doe was the only female in the vehicle.) Doe, Hardrick and Allen were then arrested and a subsequent search revealed a second handgun in the pocketbook, and a machine gun and a quantity of heroin in the trunk. Defendants' first contention on this appeal is that the motion to suppress the two handguns should have been granted. Since the defendants were acquitted of charges stemming from discovery of the machine gun and the heroin, the validity of the search of the trunk is not before us. Subsequent to the events above described, it was determined that the fugitive warrant against Lemmons had been withdrawn prior to March 28, 1973. We do not agree with the trial court that the arrest of defendant Lemmons was valid. While the arresting officer did not act improperly in acting on the basis of information communicated to him by other police sources, "the presumption of probable cause that originally cloaked that action disappears from the case" on a motion to suppress. "The People must demonstrate that the * * * sending agency itself possessed the requisite probable cause to act." *(People v Lypka,* 36 NY2d 210, 214.) This result is compelled by the decision in *Whiteley v Warden* (401 US 560). There, an arrest was based on information transmitted to the arresting officer by another police agency although the sending agency lacked probable cause. The arrest and subsequent search were invalidated and the case before us is indistinguishable. It was improper for the trial court to rely on *People v La Belle* (37 AD2d 135), for in that case the arresting officer had probable cause to effect an arrest independent of an invalid warrant. We feel, however, that the seizure of the handguns was proper under the "plain view" doctrine. As noted above, it has been determined as a matter of fact that the guns were observed from outside the car through a window on the passenger side. Thus, it is not urged that this observation was the fruit of an illegal intrusion. The defendants contend, however, that because Trooper Askew stated that he returned to the passenger side of the car to "continue the arrest", the trooper was in a position to have the view only as a result of the invalid arrest of Lemmons, wherefore the seizure should not be sustained. We disagree, for in our view the trooper's motives for walking to the passenger side are not in the circumstances here presented pertinent to a determination of whether there was a violation of the defendants' rights. The trooper was standing on a public highway, and the vehicle had been lawfully stopped. The election by Trooper Askew to stand on the passenger side of the vehicle, so long as he refrained from any illegal intrusion, is simply without constitutional significance in the absence of any constitutional or other legal restriction as to which side of a car a police officer must stay on when a vehicle has been lawfully stopped for a traffic violation. Therefore, the seizure of handguns open to the trooper's plain view was not improper. The second issue we are faced with on this appeal, raised by defendants Lemmons, Hardrick and Allen, is whether their convictions for possession of these handguns can be sustained and it is on this issue that we disagree with the majority. Subdivision 3 of section 265.15 of the Penal Law reads in pertinent part as follows: "The presence in an automobile * * * of any firearm * * * is presumptive evidence of its possession by all persons occupying such auto-

mobile at the time such weapon * * * is found, except * * * if such weapon * * * is found upon the person of one of the occupants therein". Here, the undisputed evidence showed that there was only one pocketbook in the car, it was situated on the floor in the front of the car between the door and defendant Doe's legs, and, most significantly, its ownership by defendant Doe was established. It is common knowledge that the owner of a pocketbook often carries personal belongings therein. Since here, ownership of the pocketbook was established and the owner was present, the exception to the presumption is clearly applicable. To contend in such circumstances that the pocketbook and its contents were not "upon the person" of defendant Doe merely because at the moment of seizure she was not in actual physical contact strains common sense and subverts the purpose of the statute. (Cf. *People v Pugach,* 15 NY2d 65.) Since a pocketbook is an item as to which the owner normally has expectations of privacy, there would be no proper basis for assuming that others in the presence of such a pocketbook would have reason to know its contents. In such a situation, the statute should not be construed to require persons traveling with the owner of a pocketbook to explain away the presence of contraband therein in the absence of any additional proof. Since no other evidence was presented on the issue of possession of the handguns, the convictions of defendants Lemmons, Hardrick and Allen should be reversed and the indictments against them dismissed. We, therefore, dissent and vote to reverse the judgments of conviction against defendants Lemmons, Hardrick and Allen, and to dismiss the indictments against them. We concur with the majority insofar as the judgment of conviction against the defendant Doe is concerned, for the reasons stated herein.