■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GAYLORD BRYANT et al., Respondents.—Appeal by the People from two orders of the Supreme Court, Kings County, dated September 27, 1976 and January 13, 1977, respectively, which granted defendants' motions to suppress certain physical evidence. Orders reversed, on the law and the facts, and motions denied. At 8:30 P.M. on December 19, 1974, Police Officer Van Sykle and his partner, Police Officer Malkom, dressed in civilian clothes and in an unmarked car, drove into a parking lot adjacent to a supermarket. The area was known for its criminal activity, which consisted of purse-snatching and shoplifting, and there had been narcotics sales and robberies in the vicinity. The police officers observed a van parked in front and to the right of their car, in the middle of the lot. They watched this vehicle for approximately 20 minutes. During that period of time they saw two or three individuals at a time exit the van, walk to the fence of the lot and to the store and return to the van, all without ever entering the store. At approximately 8:55 P.M., the supermarket was preparing to close and the van was not leaving. Officer Van Sykle drove his vehicle to a point almost in front of the van and parked it about 10 feet away. Officer Malkom proceeded to the passenger side of the van and Van Sykle to the driver's side. Van Sykle's shield was in his hand but he had not drawn his gun. The van window was open and Van Sykle identified himself as a police officer and asked the defendant Phillips, who was seated in the driver's seat, for his license and registration. Phillips produced the registration but failed to produce the license. Van Sykle then asked Phillips for personal identification, but none was produced. Both officers then asked whether anybody had any identification. None of the five occupants of the van produced any identification. The officers could not observe the hands of the two men in the rear. At this juncture, Van Sykle requested that the defendants exit the van. When the side doors of the van were opened for the two men in the back seat to exit, the handle of a .22 calibre revolver on the floor of the van became visible, although the rest of the gun was covered by a rag. All of the occupants of the van were then arrested for possession of the weapon. The initial encounter here was certainly justifiable in view of the suspicious meanderings of groups of individuals to and from the van parked near a supermarket in an area known for criminal activity (see *People v De Bour,* 40 NY2d 210). The fact that these individuals never entered the supermarket and never returned with groceries was sufficient to warrant inquiry. Once the defendants failed to produce identification upon request, the officers, unable to view the hands of two of the defendants, reasonably feared for their own personal safety. Therefore, the minimal intrusion of requesting that the defendants exit the van was, under the circumstances, reasonably limited in scope and intensity

---

(see *People v De Bour, supra*). We thus conclude that the motions to suppress the weapon which came into plain view upon the opening of the doors to the van, were improperly granted. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.