OPINION OF THE COURT
Rose L. Rubin, J.
Relying on the decision of the United States Court of Appeals for the Second Circuit in Allen v County Ct. of Ulster County (568 F2d 998), defendant moves to set aside the jury verdict of guilty. After trial, a jury found defendant guilty of *94 the felony of criminal possession of a weapon in the third degree. In its charge to the jury, the court instructed the jury concerning the presumption of possession by all persons in an automobile of a weapon found in that automobile, under subdivision 3 of section 265.15 of the Penal Law. Approximately three weeks after the verdict, the United States Court of Appeals declared subdivision 3 of section 265.15 of the Penal Law unconstitutional on its face (Allen v County Ct. of Ulster County, supra).
The motion presents the complex problem confronting a trial court where Federal and State courts arrive at differing results on the same issue.
In the Allen case, four defendants had been found guilty in the Ulster County Court. Their conviction was affirmed in the Appellate Division, Third Department, by a court divided on three of the convictions, under the name of People v Lemmons (49 AD2d 639), and in the New York Court of Appeals by a 5-2 margin as to the same three convictions (40 NY2d 505). The three defendants then brought a habeas corpus proceeding in the United States District Court for the Southern District of New York, challenging the constitutionality of the presumption of possession established by subdivision 3 of section 265.15 of the Penal Law. The court held the statute unconstitutional as applied in that case. The United States Court of Appeals affirmed, holding, 2-1, that the statute was unconstitutional not merely as applied, but also on its face. The holdings in the Federal courts are in direct conflict with that of the New York Court of Appeals in the same case.
When a conflict regarding the constitutionality of a State statute exists as between a State court and a Federal court, other than the Supreme Court of the United States, the State court is not bound by the Federal court’s reading of the statute. More specifically, in the event of contrary views between the New York Court of Appeals and a United States Court of Appeals, the rulings of the New York Court of Appeals are controlling upon all State courts. (People v Molloy, 21 AD2d 904, revd on other grounds 22 NY2d 559; Walker v Walker, 51 AD2d 1029, 1030.) In the event of such conflict, as here, only the decision of the United States Supreme Court is determinative.
This principle was enunciated in United States ex rel. Lawrence v Wood (432 F2d 1072, 1075-1076, cert den 402 US 983) as follows: "The Supreme Court of the United States has *95 appellate jurisdiction over federal questions arising either in state or federal proceedings, and by reason of the supremacy clause the decisions of that court on national law have binding effect on all lower courts whether state or federal. On the other hand, because lower federal courts exercise no appellate jurisdiction over state tribunals, decisions of lower federal courts are not conclusive on state courts.”
It is noteworthy that the facts in this case differ substantially from those in Allen and suggest that if this case had been the subject of the Allen appeal, the United States Court of Appeals might have reached a different result. The facts in the Allen-Lemmons cases are not in dispute. An automobile driven by Melvin Lemmons, in which Samuel Allen, Raymond Hardrick and one Jane Doe were riding, was stopped for speeding on the New York Thruway. Lemmons left the car and was arrested for reasons not relevant here. The police returned to the car to ascertain the names of the passengers. They observed a handgun protruding from a lady’s handbag resting on the floor. A search disclosed two loaded weapons in the handbag. All the passengers were indicted and tried for felonious possession of the guns. The jury was instructed that it could find a presumption of possession as to all the occupants of the car under subdivision 3 of section 265.15 of the Penal Law.
The New York Court of Appeals on these facts concluded (40 NY2d 505, 512), that "[although some may draw different inferences from the nature of the container and its placement, those inferences, based as they are on contested facts, are generally to be drawn by juries and not by appellate Judges.”
Explaining the effect of a statutory presumption, the court states, People v Lemmons (supra), pp 510-511): "The statutory presumption establishes a prima facie case against the defendant which presumption he may, if he chooses, rebut by offering evidence. Generally, the presumption will remain in the case for the jury to weigh even if contrary proof is offered but may be nullified if the contrary evidence is strong enough to make the presumption incredible. So too, if no contrary proof is offered, the presumption is not conclusive, but may be rejected by the jury. (Cf. People v McCaleb, 25 NY2d 394; see, also, People v Leyva, 38 NY2d 160.)”
Constitutional challenges claiming that this presumption amounts to a denial of due process had previously been rejected by the Court of Appeals in People v Russo (303 NY *96 673, affg 278 App Div 98), and thereafter by the Appellate Division, Second Department, in People v Felder (39 AD2d 373, 377).
In contrast to Allen (supra), in this case there was a single occupant in the vehicle when the weapon was found underneath the driver’s seat. In such a case, a conclusion of possession, actual or constructive, is natural and consistent with life and life’s experiences.
Moreover, the defendant testified in an effort to rebut the statutory presumption. The concurring opinion in Allen (supra), which argues for an "as applied” approach when considering the constitutionality of the statute appears to be more persuasive than the majority view. Judge Timbers notes that "[t]he difficulties concomitant to an analysis of the facts of a particular case should not impel us unnecessarily to reach a holding with respect to the constitutionality of a statute on its face.” (Allen, supra, p 1011.) Judge Timbers concludes, as follows (p 1011):
"In the instant case, these very considerations should stay our hand from precipitously striking down the New York presumption wholesale — the most extreme form of exacerbation of federal-state relations. See Note, The First Amendment Overbreadth Doctrine, supra, 83 Harv. L. Rev. at 849-52.
"Finally, no protected activity would be impaired here by our allowing the presumption to operate where it may do so constitutionally.” (Footnote omitted.)
Accordingly, this court finds it is not bound by the United State Court of Appeals decision in Allen (supra), and that, on analysis, subdivision 3 of section 265.15 of the Penal Law meets the test of constitutionality under the facts in this case. (People v Terra, 303 NY 332, app dsmd 342 US 938.) Defendant’s motion to set aside the jury verdict of guilty is, therefore, denied.