OPINION OF THE COURT
E. Leo Milonas, J.
The defendants herein were indicted on May 25, 1977 for criminal possession of a weapon in the third degree in that they allegedly "in the County of New York, on or about May 5, 1977, possessed a loaded firearm, to wit, a pistol, said possession being in an automobile other than a public omnibus.” They now move to dismiss on the ground that the evidence before the Grand Jury was insufficient to support the indictment, contending that the police had no justification to stop the car in question and thus lacked probable cause for the ensuing arrest and search. However, the question of probable cause is a matter to be decided at a suppression hearing and does not affect the validity of an otherwise proper indictment.
According to the testimony before the Grand Jury, two police officers were proceeding north on Third Avenue at about 4:00 a.m. when they observed a moving vehicle without its headlights on. They motioned the automobile to a halt, directing the driver, defendant Sierra, to turn on the lights. When Sierra appeared not to possess much familiarity with the operation of the car, the police ordered him to pull over to the curb and demanded identification from him and his passenger, defendant Joseph, neither of whom was able to produce any. Sierra was then asked to leave the car and, here, the sequence of events becomes somewhat unclear. While one *269 of the officers apparently began to escort Sierra toward the owner of the vehicle, who the latter had declared was to be found only a block away, the passenger, Joseph, got out of the car. At any rate, Joseph was told to return to the automobile, and, at this point, he allegedly "lunged” for the glove compartment whereupon the other officer reached inside and retrieved a gun. Shortly thereafter, the third defendant, Conception, came along and when he stated that the car belonged to him, he, like Sierra and Joseph before him, was placed under arrest.
In the view of this court, the evidence before the Grand Jury was inadequate to sustain the charge against Conception regardless of the constitutionality of subdivision 3 of section 265.15 of the Penal Law. Conception was not in the car at the time that the gun was discovered, and there is nothing whatever to connect him with it or with the other defendants under a theory of acting in concert other than his claim to ownership of the vehicle. Even subdivision 3 of section 265.15 of the Penal Law, which makes the presence of a firearm in an automobile presumptive evidence of its possession by all persons occupying the vehicle at the time when the weapon is found, is inapplicable to the defendant Conception since he was not on the scene when this occurred. Similarly, there is no indication that he had any knowledge of the gun or that he was the one who put it in the glove compartment when it is obvious that others also had the means and opportunity to do so. Consequently, defendant Conception’s motion to dismiss is granted.
The case against Sierra, on the other hand, rests almost entirely upon whether or not he can be deemed to have had possession under the statutory presumption. Although he too was not actually present in the vehicle at the moment of the gun’s seizure, subdivision 3 of section 265.15 is, arguably, relevant in that he, at least, was in the vehicle when it was stopped. Therefore, the issue to be determined is the effect of the opinion by the Second Circuit of the United States Court of Appeals in Allen v County Ct. (568 F2d 998) upon the instant situation. The defendants in Allen had petitioned the Federal court for a writ of habeas corpus after the New York Court of Appeals had previously affirmed their conviction for two counts of possession of a weapon as a felony. (People v Lemmons, 40 NY2d 505.) In an extensive opinion, the Second Circuit, upholding the lower court’s grant of defendant’s appli *270 cation, ruled that subdivision 3 of section 265.15 of the Penal Law is unconstitutional on its face. In support of its position, the court cited a series of cases by the United States Supreme Court establishing the principle that there must be a rational connection between the fact proved and the ultimate fact presumed. (Barnes v United States, 412 US 837; Turner v United States, 396 US 398; Leary v United States, 395 US 6; and Tot v United States, 319 US 463.) Applying the standards laid down by the Supreme Court, the court asserted, the statutory presumption was invalid on its face unless it could be stated with substantial assurance that (p 1007): "an inference of possession (as thus defined) of a gun by a car’s occupants is more likely than not to flow from the gun’s presence in the vehicle. We fail to find any rational basis for such an inference, either in logic or experience. There is nothing about the simultaneous presence of occupants and a gun in an automobile that makes it more likely than not that the former control the latter or that they even know of its presence. The presumption obviously sweeps within its compass (1) many occupants who may not know they are riding with a gun (which may be out of their sight), and (2) many who may be aware of the presence of the gun but not permitted access to it. Nothing about a gun, which may be only a few inches in length * * * and concealed under a seat, in a glove compartment or beyond the reach of all but one of the car’s occupants, assures that its presence is known to occupants who may be hitchhikers or other casual passengers, much less that have any dominion or control over it.”
This court finds the opinion expressed by the Second Circuit to be extremely persuasive and one which may very well prevail in the Supreme Court. However, until the matter is ultimately resolved, there appears to be a conflict between the decision of the Federal courts and that of the highest court of New York State which has created uncertainty on the part of trial courts as to the applicability of subdivision 3 of section 265.15 of the Penal Law.
Although a number of jurisdictions hold that a lower Federal court ruling is binding on State courts when interpretation of Federal law is involved, many more disagree with this position. See, for instance, Nichol v Tanner (256 N W 2d 796 [Minn]; Schreiber v Republic Intermodal Corp. (375 A2d 1285 [Pa]); and Connecticut State Bd. of Labor Relations v Fagin (33 Conn S 204) taking the former view, and the following are *271 cases that hold that only the authority of the United States Supreme Court is conclusive: Owsley v Peyton (352 F2d 804); United States ex rel. Lawrence v Woods (432 F2d 1072, cert den 402 US 983); People v Luros (4 Cal 3d 84, cert den 404 US 824); National Equip. Rental v Miller (72 Mich App 421); People v Holmes (41 Ill App 3d 956); State v Zito (103 NJ Super 552); Gayety Books v Mayor & City Council of City of Baltimore (279 Md 206); and Hogan v Hogan (290 Ohio App 69).
In New York State, courts have generally declared that lower Federal court opinions, while entitled to serious consideration, are not controlling. (New York R. Tr. Corp. v City of New York, 275 NY 258, aifd 303 US 573; Matter of Greenwald v Frank, 47 AD2d 628; Walker v Walker, 51 AD2d 1029; People v Malloy, 21 AD2d 904, revd on other grounds 22 NY2d 559; People ex rel. Aronson v McNeill, 19 AD2d 731; Regnell v Page, 82 Misc 2d 506; and Koehler v Aljon Homes, 2 Misc 2d 474, mod 8 AD2d 852; see, also, People v Williams (93 Misc 2d 93), a recent case in which a trial court, specifically finding Allen not to be binding upon the courts of this case, then proceeded to distinguish the facts therein from the ones before it, since Williams involved a weapon discovered underneath the driver’s seat of a vehicle containing a single occupant.)
While it is evident that the Second Circuit decision in Allen is not conclusive, this does not mean that courts in New York State are thus obliged to ignore the holding of that case. The New York Court of Appeals and the United States Court of Appeals for the Second Circuit are courts of co-ordinate jurisdiction. If, in the instant matter, the defendants were to be convicted of the crime with which they are here charged and they then subsequently commenced a habeas corpus action in the Federal courts, a ruling there in favor of their application would bind the parties pending a final determination by the United States Supreme Court. Moreover, the New York Court of Appeals, in People v Lemmons (40 NY2d 505, supra) declined to confront directly the constitutionality of the statutory presumption, instead impliedly choosing to regard subdivision 3 of section 265.15 as presumptively valid, despite the fact that the parties raised the issue in their arguments. Now the Second Circuit has clearly challenged this approach.
Accordingly, the court here has concluded that, under the present circumstances, reliance upon the authority of the *272 Second Circuit is proper, particularly in view of the compelling reasons advanced in Allen and the fact that, in the final analysis, "as to Federal matters, the Federal courts speak with supremacy”. (People v Wilson, 18 AD2d 424, 430, affd 13 NY2d 277, app dsmd 377 US 925.) Therefore, defendant Sierra’s motion to dismiss is granted. As to defendant Joseph, in the absence of the statutory presumption, the entire evidence against him amounts to the fact that he allegedly reached for the glove compartment. There is no testimony that he touched the gun or even that he actually placed his hand inside the glove compartment, merely that he made a motion in that direction, an action which was apparently prompted by the officer’s demand for identification. This alone is insufficient to sustain a charge of possession and, consequently, the defendant Joseph’s motion is granted as well. The People may, of couse, resubmit as to any and all of the defendants, should they have any additional evidence to offer against them. While this court is cognizant of the enormous difficulty faced by the People in prosecuting individuals who are found in an automobile containing firearms, a State may not, as the court asserted in Allen (supra, p 1005), "erect a presumption simply because evidence of a fact necessary for a criminal conviction is more likely to be available to a defendant than to the prosecution.”