OPINION OF THE COURT
William J. Deeley, Jr., J.
Before the court is the motion of the defendant, Gaylord Bryant, brought pursuant to CPL 210.20 (subd 1, par [h]) which, in short, argues that the presumption regarding a weapon found in an automobile is unconstitutional.
The presumption referred to is found in section 265.15 of the Penal Law and as it applies to this case provides as follows: "The presence in an automobile * * * of any firearm * * * is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon * * * is found”.
The statute goes on to provide three exceptions which are inapplicable to this case.
*218 Because of the circumstance of an intervening Federal court decision discussed below, the court accepts this motion as timely and properly raised under CPL 210.20.
Since there has been no formal proceeding before this court other than the papers submitted for and in opposition to the motion, and argument of counsel, the court is relying on a prior Appellate Division decision in this matter, that being People v Bryant (59 AD2d 721) for a recitation of the facts in the case. The facts are as follows:
At 8:30 p.m. on Dec. 19, 1974, Police Officer Van Sykle and his partner Police Officer Malkom, dressed in civilian clothes and in an unmarked car, drove into a parking lot adjacent to a supermarket. The area was known for its criminal activity, which consisted of purse-snatching and shoplifting, and there had been narcotics sales and robberies in the vicinity. The police officers observed a van parked in front and to the right of their car, in the middle of the lot. They watched this vehicle for approximately 20 minutes. During that period of time they saw two or three individuals at a time exit the van, walk to the fence of the lot and to the store and return to the van, all without ever entering the store.
At approximately 8:55 p.m., the supermarket was preparing to close and the van was not leaving. Officer Van Sykle drove his vehicle to a point almost in front of the van and parked it about 10 feet away. Officer Malkom proceeded to the passenger side of the van and Van Sykle to the driver’s side. Van Sykle’s shield was in his hand but he had not drawn his gun. The van window was open and Van Sykle identified himself as a police officer and asked the defendant Phillips, who was seated in the driver’s seat, for his license and registration. Phillips produced the registration but failed to produce the license. Van Sykle then asked Phillips for personal identification but none was produced. Both officers then asked whether anybody had any identification. None of the five occupants of the van produced any identification. The officers could not observe the hands of the two men in the rear. At this juncture, Van Sykle requested that the defendants exit the van. When the side doors of the van were opened for the two men in the back seat to exit, the handle of a .22 calibre revolver on the floor of the van became visible, although the rest of the gun was covered by a rag. All of the occupants of the van were then arrested for possession of the weapon.
*219 The ground asserted for the defendant’s motion is that "There exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged” (CPL 210.20, subd 1, par [h]). Since there is no apparent jurisdictional defect, nor is any argued, the court views this motion as urging that there is a legal impediment to any further proceedings. The "impediment” relied on by the defendants is the decision of the United States Court of Appeals for the Second Circuit in the case of Allen v County Court of Ulster County (568 F2d 998), which declared the presumption unconstitutional on its face. The People argue that the Second Circuit decision is not controlling in this case; that the constitutionality of the presumption has been consistently upheld by the courts of the State of New York. (People v Russo, 303 NY 673; People v Felder, 39 AD2d 373.)
Interestingly enough, the most recent decision of the Court of Appeals which impliedly affirmed the constitutionality of the presumption was in People v Lemmons (40 NY2d 505), where one of the codefendants was the petitioner, Allen, who ultimately succeeded in the Second Circuit case.
Therefore, we have a situation where not only is there a sharp disagreement between the highest court of this State and the Federal appeals court, such disagreement is on the exact same facts. That case deals with a situation where a weapon was found in an automobile protruding from a woman’s purse situated between the woman seated in the right front seat of the automobile and the right front door. Even though the woman admitted ownership of the pocketbook and the other three occupants of the vehicle, one in the driver’s seat, two in the rear seat, were males, all were convicted of possession of the weapon pursuant to the presumption.
This case resolves itself around one single question. Shall a nisi prius court follow the decisions of the highest court of the State, which has upheld the constitutionality of the presumption, or should it rather accept the rulings of a circuit court of the United States which by a split decision has found the presumption to be facially unconstitutional?
The court has read very carefully the briefs submitted by counsel for both sides as well as the cases referred to in those briefs, the facts of which most clearly resemble the case at Bar.
In People v Joseph (93 Misc 2d 267) the Trial Judge in the First Department relied upon the decision in the Allen case. *220 The facts in Joseph also appear fairly close to the case at Bar. The case of People v Williams (93 Misc 2d 93) decided in the Second Department held that the State law governs. However, that particular case had a single defendant and is not helpful in resolving the dilemma before this court. Neither is the court ruled by argument of the counsel for defendant that "to submit this defendant to prosecution, conviction, and imprisonment would constitute official harrassment” on the part of the judiciary as well as the prosecution; would constitute a bad faith action and also constitutes an absurd and senseless waste of legal resources in this matter.
The people of this State elect their Legislature who are charged with the responsibility to enact, to write the laws of the State. Those laws, of course, are reviewed by our highest court and are found to be constitutional and are binding upon all the courts in the State. The fact that this court may personally disagree with a law passed by the Legislature and find the statutory presumption set forth in that law to be personally offensive to his belief, is of no concern. Although it is heady wine indeed for a trial court to have the opportunity to render unconstitutional the acts of the legislative body, this is a sober, serious decision rarely to be made. The separation of powers and responsibilities of the various branches of government is a solid and worthy structure.
It is clear that in New York State the courts have generally felt that absent a direction of the Supreme Court of the United States, the decisions of lower Federal courts are not controlling. (New York R. T. Corp. v City of New York, 275 NY 258, affd 303 US 573; Matter of Greenwald v Frank, 47 AD2d 628; Walker v Walker, 51 AD2d 1029; People v Malloy, 21 AD2d 904, revd on other grounds 22 NY2d 559; People ex rel. Aronson v McNeill, 19 AD2d 731; Regnall v Page, 82 Misc 2d 506; and Koehler v Aljon Homes, 2 Misc 2d 474, mod 8 AD2d 852.)
Undoubtedly the Lemmons-Allen controversy will produce other decisions. The Supreme Court will probably speak on the Allen situation and it is my understanding that the Court of Appeals has on its current calendar a similar attack on the presumption. However, it is my feeling that unless and until the Court of Appeals of this State abandons its decision in the Lemmons case and other similar cases, that this is the court I must follow.
I therefore make the finding that where a New York statute *221 is declared unconstitutional by a United States court, other than the Supreme Court of the United States, such Federal decision does not constitute a "legal impediment” (CPL 210.20, subd 1, par [h]) to a continuing prosecution under the same statute in the New York State courts.
The motion of the defendant, Gaylord Bryant, having been joined in by all the other defendants, is therefore denied.