In the Matter of the Application of WILLIAM VICTOR, as Administrator, etc., of ANNA S. BLACK, Deceased, for an Order to Discover Personal Property Belonging to the Decedent and to Discover Certain Property Which Is Claimed to Be Withheld.

WILLIAM VICTOR, as Administrator, etc., of ANNA S. BLACK, Deceased, Appellant; ESTHER JACOBS, Respondent.

Fourth Department, May 7, 1941.

Bond, Schoeneck & King [Tracy H. Ferguson of counsel], for the appellant.

Jess B. Berson, for the respondent.

PER CURIAM.  Prior to January 6, 1939, the respondent, Esther Jacobs, had possession of a bank book belonging to her sister,. the decedent, Anna S. Black.  The book showed a deposit of $3,500 to the credit of Anna S. Black.  On January 6, 1939, the respondent withdrew said $3,500 deposit and deposited the same in the Onondaga County Savings Bank to the credit of herself or her daughter, Lillian Jacobs, with the legend " either or survivor may draw." Anna S. Black died intestate on January 20, 1939.  On June 17, 1939, William Victor, a nephew of the decedent, was appointed the administrator of the estate of Anna S. Black.  Mr. Black's mother was a sister of the decedent.  On February 2, 1939, counsel for the Victor family notified the respondent by letter that the property which she had received from the decedent belonged to her estate.  Respondent received the letter in due course of the mail and showed it to her children and discussed its contents with them.  Notwithstanding the claim thus made the respondent withdrew from said account the sum of $2,200 and converted it to her own use and to the use of certain of her children.  In July, 1939, the administrator instituted discovery proceedings against the respondent in the Surrogate's Court of Onondaga County. The respondent appeared and filed an answer claiming title and demanded a jury trial.  The jury found title in the administrator and, on December 21, 1939, a decree was entered in the Surrogate's Court awarding title to the administrator and directing the respondent to pay over to the administrator the $3,500, with interest thereon from January 6, 1939, less the sum of $1,032.37, which respondent had disbursed for the benefit of the decedent or her estate.  A certified copy of this decree was duly served on the respondent and demand for payment was made on her.  On January 6, 1940, the respondent paid over to the administrator the sum of $310.65 of the amount payable under the decree and defaulted as to the balance due.  The administrator thereupon issued an

execution against the property of the respondent and the execution was returned wholly unsatisfied. The administrator then examined the respondent and certain of her children in proceedings supplementary to judgment. The examination resulted in the discovery of no property. On September 17, 1940, the administrator, on affidavit, procured from the surrogate an order directing the respondent to show cause at a term of the Surrogate's Court to be held on September 30, 1940, why she should not be punished for contempt of court for her refusal or willful neglect to obey the said decree. The respondent appeared and opposed the motion, but she did not present any affidavits in opposition thereto. In the order to show cause the surrogate found that the respondent " willfully refuses or neglects to obey said decree and has not made the payment directed by said decree and duly demanded." The learned surrogate denied the application as a matter of discretion under section 84 of the Surrogate's Court Act. From the order entered denying the application the administrator has appealed.

Section 84 provides in part: " The surrogate, in his discretion, may refuse to punish any person for contempt of court, as authorized in this section, in an instance in which facts are demonstrated to his satisfaction which would justify a release of such person from imprisonment in accordance with the provisions of section seven hundred seventy-five of the Judiciary Law." Section 775 of article 19 of the Judiciary Law provides, in substance, that where an offender " is unable to endure the imprisonment, or to pay the sum   *   *   *   required to be paid   *   *   *   in order to entitle him to be released," the court, in its discretion, and upon such terms as justice requires, may make an order directing that the offender be discharged from imprisonment. The finding in the order to show cause, recited above, indicates that the learned surrogate was of the opinion that the respondent was guilty of contempt of court. The surrogate made no finding that the respondent was either unable to pay or to endure imprisonment. Such a finding was necessary as a basis for the exercise of discretion. The avoidance of an unpleasant duty is no ground for the exercise of discretion. The record leaves no doubt that the respondent, after notice that the estate claimed the fund in question, deliberately withdrew it and converted it for the purpose of cheating and defrauding this estate and rendering ineffective the decree herein. She also made certain of her children the conscious beneficiaries of her fraud. We have only her word that she cannot comply with the terms of the decree, and this is not conclusive. This is not a case where a person in good faith disposes of the assets of an estate believing them to be her own. The burden of proving that she

cannot pay or endure imprisonment was on the respondent. She has not carried the burden. On the record the respondent should have been adjudged in contempt.

The order should be reversed on the law and the facts and as a matter of discretion, without costs, and the matter should be remitted to the Surrogate's Court to enter an order adjudging the respondent in contempt, and to issue a commitment in the event the respondent should fail to comply with terms of the decree.

All concur, except Harris and McCurn, JJ., who dissent and vote for reversal and remitting the matter to Surrogate's Court to make a record showing the basis of his exercise of discretion. Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

Order reversed on the law and facts and as a matter of discretion, without costs, and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion.