In the Matter of the Estate of DAVID L. WILLIAMS, Deceased.

Surrogate's Court, New York County, February 15, 1951.

*John J. Broderick* for Marie McCarthy, as administratrix of the estate of David L. Williams, deceased.

*Abraham L. Shapiro* for Francis Sahm and another.

FRANKENTHALER, S. This is a motion to punish respondents for contempt for failure to comply with the terms of a decree in discovery. The respondents were given an opportunity to establish facts that would justify the court's denial of the application in the exercise of the discretion granted by section 84 of the Surrogate's Court Act. However, the respondents failed to convince the court that they had completely dissipated the funds which were the subject of discovery or that their previous expenditures of a part thereof had been made in good faith under a mistaken belief that the funds were their own. Their explanations and excuses were incredible and insincere. Contradictory and disingenuous statements of the respondent, Francis Sahm, made under oath, and the latter's admission that much of his testimony was pure prevarication, make his entire testimony unworthy of belief. The court finds that the respondents have willfully refused and neglected to obey the decree of the court and they are adjudged in contempt (*Matter of Black,* 261 App. Div. 791).

The respondents made an ineffectual effort to appear specially on this motion. They appeared in this discovery proceeding and were represented by attorneys throughout the proceeding. They were present at two trials before juries. The present application to punish for contempt is a motion made in the discovery proceeding which is continued for such purpose (Surrogate's Ct. Act, § 84).

The respondent, Francis Sahm, now seeks the protection of the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 501 *et seq.*). This respondent states that he is an army lieutenant, stationed at Governors Island, New York, as an intelligence officer. It cannot be said, however, that his military service interfered in the slightest with his ability to comply with the decree (see U. S. Code, tit. 50, Appendix, § 523). Hence, the court will not stay the execution of the decree insofar as it may be enforced by execution or similar remedies. However, one of the stated purposes of the Soldiers' and Sailors' Civil Relief Act is to enable persons in military service " successfully to devote their entire energies to the military needs of the Nation " (House Report 3001, 76th Cong., 3d Sess.). The superior officer of the respondent has stated that he desires the continued services of the respondent. Incarceration of the

respondent in civil prison would deprive the army of his services, to whatever extent the services of one who confessed that he had sworn falsely may be of value to the intelligence service of the United States Army. Under the circumstances, consideration of the emergencies confronting the Nation constrains the court to stay execution of the order of commitment which will be entered hereon, as to this respondent only, for the period of his military service (*Matter of Jaworski* v. *McCloskey,* 47 N. Y. S. 2d 26, affd. 267 App. Div. 981, motion for leave to appeal denied 268 App. Div. 772) or until the further order of the court.

Submit order of commitment on notice.