Edward T. McCaffrey, J.
Defendant moves for an order pursuant to section 775 of the Judiciary Law for his discharge from imprisonment in the Civil Prison of the City of New York on the ground that defendant is unable to endure further imprisonment. It appears that said defendant is presently incarcerated pursuant to an order of this court dated August 1, 1963. It further appears that defendant was originally committed to Hart Island Workhouse by order of the Family Court from September 8, 1962 to February 7, 1963, on which latter date by order of this court dated December 5,1962, he was committed to the Civil Prison. On or about July 10, 1963 he was removed to the Bellevue Hospital prison ward, where he now is.
In May, 1963 defendant initially sought an order pursuant to section 775 of the Judiciary Law. Orders of this court dated June 18 and 24,1963, directed physical examinations and medical tests of defendant. Thereafter, by memorandum decision dated August 9, 1963, defendant’s application was denied “no sound reason has been presented for the present discharge of the defendant from incarceration, it appearing that it is to his own best interests to avail himself of the facilities provided by the hospital.”
On September 4,.1963 an operation was performed on defendant. Pursuant to order of this court dated October 25, 1963, amended by memorandum decision dated October 30, 1963, defendant was directed to submit to a physical examination by a physician named by the court. The report of said physician has been reviewed. At the request of the court the operating-physician submitted a supplementary affidavit dated December 20, 1963.
The burden is on defendant to show inability to endure imprisonment (Matter of Black, 261 App. Div. 791). In the opinion of this court, after comprehensive review and extensive deliberation, it must be concluded that defendant has met the burden. The court cannot with impunity ignore the flat statement of a physician of established reputation that “ while con *18 fined etc. in hospital, prison or other similar institution defendant will waste away ’ ’ and ‘ ‘ further confinement will result in his death ”. The court has reached such conclusion with reluctance, as the history of this litigation is replete with defendant’s failure to comply with orders of this court. However, the defendant has been incarcerated under orders of the Family Court and of this court for upwards of close to 16 months and in the face of the available medical opinions, the court in the exercise of its discretion feels constrained to direct the release of defendant from further incarceration, said release to coincide with defendant’s discharge from the Bellevue Hospital prison ward, which the court understands defendant’s operating physician is not prepared to approve prior to January 14,1964; on condition (a) that a residence within the State of New York be established and maintained for defendant, (b) that defendant at all times in writing keep plaintiff’s attorney informed of the address of said residence; that no change of residence may be made without the prior order of this Court, and on failure to comply with said conditions, or any of them, and the court being satisfied as to such failure, an order of recommitment will issue without further notice.