**Harry VAIL, Jr., et al., Plaintiffs,**

v.

**Lawrence M. QUINLAN, Individually and in his capacity as Sheriff of Dutchess County, et al., Defendants.**

**No. 74 Civ. 4773–LFM.**

United States District Court,
S. D. New York.

Jan. 7, 1976.

Mid-Hudson Valley Legal Services Project (Monroe County Legal Assistance Corp.), Poughkeepsie, N.Y., and Greater Up-State Law Project, Rochester, N.Y. (John D. Gorman, Jane E. Bloom, Poughkeepsie, N.Y., K. Wade Eaton and Rene H. Reixach, Jr., Rochester, N.Y., of counsel), for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., New York City (A. Seth Greenwald, Asst. Atty. Gen., of counsel), for defendants Juidice and Aldrich and pro se pursuant to New York Executive Law § 71.

Joel T. Camche, New York City, for defendant Quinlan.

Before LUMBARD, Circuit Judge, and MacMAHON and CANNELLA, District Judges.

## OPINION

MacMAHON, District Judge.

▌ This three-judge court has been convened, pursuant to 28 U.S.C. § 2281, to hear and determine this action, brought under the Civil Rights Act and its jurisdictional counterpart, 42 U.S.C. § 1983, 28 U.S.C. § 1343(3), by individual judgment debtors and all others similarly situated. Challenging the constitutionality of certain statutes of the State of New York, plaintiffs seek class action determination[1] and money damages, as well as declaratory and injunctive relief.

The challenged statutes, Sections 756, 757, 765, 767, 769–775[2] of Article 19 of

---

1. The certification of this action as a class action was made by Judge MacMahon, acting as a single district court judge, pursuant to 28 U.S.C. § 2284(5) and the limited three-judge court jurisdiction set forth by the Supreme Court. See *Hagans v. Lavine*, 415 U.S. 528, 538, 543–45, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

2. § 756. *Issue of warrant without notice*

Where the offense consists of a neglect or refusal to obey an order of the court, requiring the payment of costs, or of a specified sum of money, and the court is satisfied, by proof, by affidavit, that a personal demand thereof has been made, and that payment thereof has been refused or neglected; it may issue, without notice, a warrant to commit the offender to prison, until the costs or other sum of money, and the costs and expenses of the proceeding, are paid, or until he is discharged according to law.

§ 757. *Order to show cause, or warrant to attach offender*

The court or judge, authorized to punish for the offense, may, in its or his discretion, where the case is one of those specified in either section seven hundred and fifty-five or seven hundred and fifty-six, and, in every other case,

the New York Judiciary Law (McKinney 1968), implement supplementary or post-judgment proceedings for collection of money judgments. They permit a judgment debtor, who has failed to comply with a disclosure subpoena concerning his ability to satisfy a judgment debt, to be held in contempt, fined and imprisoned without a hearing.

*must,* upon being satisfied, by affidavit, of the commission of the offense, either

1. Make an order, requiring the accused to show cause before it, or him, at a time and place therein specified, why the accused should not be punished for the alleged offense; or

2. Issue a warrant of attachment, directed to the sheriff of a particular county, or, generally, to the sheriff of any county where the accused may be found, commanding him to arrest the accused, and bring him before the court or judge, either forthwith, or at a time and place therein specified, to answer for the alleged offense.

Where the order to show cause, or the warrant, is returnable before the court, it may be made, or issued, as prescribed in this section, by any judge authorized to grant an order without notice, in an action pending in the court; and it must be made returnable at a term of the court, at which a contested motion may be heard.

§ 765. *Execution of warrant when undertaking not given*

If an indorsement is not made upon the warrant, as prescribed in section seven hundred and sixty-four; or if such an indorsement is made and an undertaking is not given, as prescribed in section seven hundred and sixty-six; the sheriff, after making the arrest, as required by the warrant, must keep the accused in his custody, until the further direction of the court, judge, or referee. Where, from sickness or any other cause, the accused is physically unable to attend before the court, judge, or referee, that fact is a sufficient excuse to the sheriff for not producing him as required by the warrant. In that case, the sheriff must produce him, as directed by the court, judge, or referee, after he becomes able to attend. The sheriff need not, in any case, confine the accused in prison, or otherwise restrain him of his liberty, except as far as it is necessary so to do, in order to secure his personal attendance.

§ 767. *When habeas corpus may issue*

If the accused is in the custody of a sheriff, or other officer, by virtue of an execution against his person, or by virtue of a mandate for any other contempt or misconduct, or a commitment on a criminal charge, a warrant of attachment can not be issued. In that case, the court, upon proof of the facts, must issue a writ of habeas corpus, directed to the officer, requiring him to bring the accused before it, to answer for the offense charged. The officer to whom the writ is directed, or upon whom it is served, must, except in a case where the production of the accused under a warrant of attachment would be dispensed with, bring him before the court, and detain him at the place where the court is sitting, until the further order of the court.

§ 769. *Interrogatories and proofs*

When the accused is produced, by virtue of a warrant, or a writ of habeas corpus, or appears upon the return of a warrant, the court, judge, or referee, must, unless he admits the offense charged, cause interrogatories to be filed, specifying the facts and circumstances of the offense charged against him. The accused must make written answers thereto, under oath, within such reasonable time as the court, judge, or referee allows therefor; and either party may produce affidavits, or other proofs, contradicting or corroborating any answer. Upon the original affidavits, the answers, and subsequent proofs, the court, judge, or referee must determine whether the accused has committed the offense charged.

§ 770. *Final order directing punishment; exception*

If it is determined that the accused has committed the offense charged; and that it was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to an action or special proceeding, brought in the court, or before the judge or referee; the court, judge, or referee must make a final order directing that he be punished by fine or imprisonment, or both, as the nature of the case requires. A warrant of commitment must issue accordingly, except where an application is made under this article and in pursuance of section two hundred forty-five of the domestic relations law or any other section of law for a final order directing punishment for failure to pay alimony and/or counsel fees pursuant to an order of the court or judge in an action for divorce or separation and the husband appear and satisfy the court or a judge before whom the application may be pending that he has no means or property or income to comply with the terms of the order at the time, the court or judge may in its or his discretion deny the application to punish the husband, without prejudice to the wife's rights and without prejudice to a renewal of the application by the wife upon notice and after proof that the financial condition of the husband is changed.

§ 771. *Punishment upon return of habeas corpus*

Where the accused is brought up by virtue of a writ of habeas corpus, he must, after the

■ We hold that certain of the statutes in question, specifically, Sections 756, 757, 770, 772, 773, 774 and 775, violate the due process clause of the Four-

final order is made, be remanded to the custody of the sheriff, or other officer, to whom the writ was directed. If the final order directs that he be punished by imprisonment, or committed until the payment of a sum of money, he must be so imprisoned or committed, upon his discharge from custody under the mandate, by virtue of which he is held by the sheriff, or other officer.

§ 772. *Punishment upon return of order to show cause*

Upon the return of an order to show cause, the questions which arise must be determined, as upon any other motion; and, if the determination is to the effect specified in section seven hundred and seventy, the order thereupon must be to the same effect as the final order therein prescribed. Upon a certified copy of the order so made, the offender may be committed, without further process.

§ 773. *Amount of fine*

If an actual loss or injury has been produced to a party to an action or special proceeding, by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law, that an action may be maintained to recover damages for the loss or injury, a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court. The payment and acceptance of such a fine constitute a bar to an action by the aggrieved party, to recover damages for the loss or injury. Where it is not shown that such an actual loss or injury has been produced, a fine must be imposed, not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto, and must be collected and paid, in like manner. A corporation may be fined as prescribed in this section.

§ 774. *Length of imprisonment and periodic review of proceedings*

1. Where the misconduct proved consists of an omission to perform an act or duty, which is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed, but if he shall perform the act or duty required to be performed, he shall not be imprisoned for the fine imposed more than three months if the fine is less than five hundred dollars, or more than six months if the fine is five hundred dollars or more. In such case, the order, and the warrant of commitment, if one is issued, must specify the act or duty to be performed, and the sum to be paid. In every other case, where special provision is not otherwise made by law, the offender may be imprisoned for a reasonable time, not exceeding six months, and until the fine, if any, is paid; and the order, and the warrant of commitment, if any,

must specify the amount of the fine, and the duration of the imprisonment. If the term of imprisonment is not specified in the order, the offender shall be imprisoned for the fine imposed three months if the fine is less than five hundred dollars, and six months if the fine imposed is five hundred dollars or more. If the offender is required to serve a specified term of imprisonment, and in addition to pay a fine, he shall not be imprisoned for the nonpayment of such fine for more than three months if such fine is less than five hundred dollars or more than six months if the fine imposed is five hundred dollars or more in addition to the specified time of imprisonment.

2. In all instances where any offender shall have been imprisoned pursuant to article nineteen of the judiciary law and where the term of such imprisonment is specified to be an indeterminate period of time or for a term of more than three months, such offender, if not then discharged by law from imprisonment, shall within ninety days after the commencement of such imprisonment be brought, by the sheriff, or other officer, as a matter of course personally before the court imposing such imprisonment and a review of the proceedings shall then be held to determine whether such offender shall be discharged from imprisonment. At periodic intervals of not more than ninety days following such review, the offender, if not then discharged by law from imprisonment, shall be brought, by the sheriff, or other officer, as a matter of course personally before the court imposing such imprisonment and further reviews of the proceedings shall then be held to determine whether such offender shall be discharged from imprisonment. Where such imprisonment shall have arisen out or or during the course of any action or proceeding, the clerk of the court before which such review of the proceedings shall be held, or the judge or justice of such court in case there be no clerk, shall give reasonable notice in writing of the date, time and place of each such review to each party or his attorney who shall have appeared of record in such action or proceeding, at their last known address.

§ 775. *When court may release offender*

Where an offender, imprisoned as prescribed in this article, is unable to endure the imprisonment, or to pay the sum, or perform the act or duty, required to be paid or performed, in order to entitle him to be released, the court, judge, or referee, or, where the commitment was made to punish a contempt of court committed with respect to an enforcement procedure under the civil practice law and rules, the court, out of which the execution was issued, may, in its or his discretion, and upon such terms as justice requires, make an order, directing him to be discharged from the imprisonment.

teenth Amendment and accordingly that they are void and may no longer be enforced.[3]

## STATUTORY SCHEME

A creditor, unable to satisfy a money judgment, may compel a judgment debtor to disclose all matter relevant to satisfaction of the judgment.[4] Disclosure is generally effected by requiring the debtor, in response to a subpoena issued by the creditor, to attend a deposition or to supply information by answers to written questions submitted by the creditor.[5] False swearing or failure to comply with the subpoena is punishable as a contempt of court.[6]

Procedures by which a debtor is held in contempt are set out in the Judiciary Law and constitute the statutory scheme challenged here. If the debtor does not comply with the disclosure subpoena, an order requiring him to show cause why he should not be punished for contempt will issue solely upon the basis of an affidavit by the creditor's attorney showing that the debtor failed to respond to the subpoena (§ 757(1)). If the debtor does not appear for a hearing upon the return date of the order to show cause, the court will make a final order directing that he be punished by fine or imprisonment (§§ 772, 770). The fine is in an amount sufficient to indemnify the creditor for any loss or injury caused as a result of the debtor's contempt, or, if no loss or injury is shown, in an amount not exceeding costs plus $250 (§ 773).

On the basis of an affidavit of the creditor's attorney showing that a demand for payment of the fine has been made and refused, an *ex parte* warrant is issued committing the debtor to prison until the fine is paid (§ 756). The debtor may remain incarcerated for up to 90 days before he is brought before the court for a review of the proceedings and a determination as to whether he should be discharged from imprisonment (§ 774). If the debtor is unable to endure the incarceration or to pay the sum of money, he may petition the court for release (§ 775), but the burden of proof is on the debtor to show why he should no longer be held.[7]

The case of the plaintiff Vail is typical of the plight of the judgment debtor under the challenged statutory scheme. Vail and his wife were the subject of a default judgment for $534.63 entered in favor of Public Loan Company in January 1974. At that time, Vail and his family were on public assistance. On April 22, 1974, Charles Morrow, attorney for Public Loan, caused a subpoena to be served on Vail, requiring him to appear on May 28 before Charles Morrow for the taking of a deposition regarding all matters relevant to the satisfaction of the judgment. Vail did not appear for the deposition.

On the basis of the subpoena, an affidavit of due service, and an affidavit by Charles Morrow that Vail did not appear and that his conduct was calculated to

---

**3.** In view of this conclusion, we do not reach plaintiffs' further contention that the statutes also violate the equal protection clause of the Fourteenth Amendment and the Fourth, Sixth and Eighth Amendments.

With regard to plaintiffs' claim for money damages, the doctrine of judicial immunity bars recovery against defendants Juidice and Aldrich, both judges of the Dutchess County Court. *Apton v. Wilson*, 165 U.S.App.D.C. 22, 506 F.2d 83 (1974); *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974); *Blouin v. Dembitz*, 489 F.2d 488 (2d Cir. 1973). Since there are no allegations of malice or bad faith regarding the conduct of defendant Quinlan, sheriff of Dutchess County, the damage claims against him must also be dismissed. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288

(1967); *Tucker v. Maher*, 497 F.2d 1309 (2d Cir. 1974); *Fleming v. McEnany*, 491 F.2d 1353 (2d Cir. 1974). There being no evidence before us concerning the damages caused by the other defendants, we take no position with respect to the remaining claims for monetary relief.

**4.** Section 5223, N.Y. CPLR.

**5.** Section 5224, N.Y. CPLR.

**6.** Section 5251, N.Y. CPLR, provides: "Refusal or wilful neglect of any person to obey [the] subpoena . . . shall . . . be punishable as a contempt of court."

**7.** *Vought v. Vought*, 42 Misc.2d 16, 247 N.Y. S.2d 468 (1964); *In re Black's Estate*, 261 App. Div. 791, 28 N.Y.S.2d 130 (1941).

and did actually defeat, impair and prejudice the rights and remedies of the judgment creditor, Judge Joseph Juidice of the Dutchess County Court issued an order on July 22 directing Vail to appear at the Dutchess County Court on August 13, to "show cause why he should not be punished as for contempt for violation of and noncompliance with the said subpoena in that he failed to appear or respond thereto." When Vail did not appear in County Court, Judge Juidice issued an "Order Imposing Fine," which held Vail in contempt and required him to pay $270 to the judgment creditor.

When Vail failed to comply[8] with the Order Imposing Fine, Charles Morrow, on the basis of the papers previously submitted on the application for the order to show cause, an affidavit of due service of the Order Imposing Fine, and an affidavit of Morrow that Vail had not complied, applied for and obtained an *ex parte* commitment order on September 23. The commitment order directed that, without further notice, the sheriff of any county arrest Vail and commit him to the county jail, that he be held in custody until the fine of $270 was paid, together with the sheriff's fees and the disbursements on the execution of the order.

Vail was arrested in his home on October 1 and committed to the Dutchess County Jail. At the time, he had only one dollar to last him until he received his next public assistance check. He and his family owned no property except household furniture and clothing. Vail was released the next day when a relative loaned him $294.25 to pay the fine plus additional costs.

# ABSTENTION

A preliminary question for determination is whether we should abstain from deciding the issues raised in this action. Plaintiffs never raised their constitutional claims in state court, although the challenged statutory scheme does provide an opportunity for a hearing. Defendants contend that federal intervention before the state has an opportunity to construe its own laws is an untenable interference with the duty and authority of the state courts to enforce their judgments. Further, defendants cryptically assert that, even if no appeal is available from any or some of the orders of the defendant judges, a debtor in plaintiffs' posture must still exhaust his state appellate remedies.[9]

Abstention is a judge-made doctrine based on considerations of federalism and a need to avoid premature constitutional adjudication. It allows a federal court, although having jurisdiction, to decline decision on the merits of the controversy. The doctrine is invoked when determination of a state law issue may resolve or materially alter the constitutional claim.[10]

Defendants first contend that since the issues raised here have never been presented to a state court, interests of comity and federalism warrant dismissal of the action. It is clear, however, that when the challenge is to the constitutionality of statutes which are not ambiguous, abstention should not be used to require vindication of a federal claim in state court.[11]

The method by which the civil contempt provisions are implemented cannot be in doubt, for each of the rep-

---

**8.** Vail alleges that, at the end of August, he informed Public Loan that he could not make payments on the underlying debt because of his indigency, but that one of the creditor's employees told him "he would not have to appear in Court" if he made a payment of $5., which Vail did.

**9.** Defendants' brief, p. 12.

**10.** *Kusper v. Pontikes,* 414 U.S. 51, 54–55, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973); *Harman v. Forssenius,* 380 U.S. 528, 534, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965).

**11.** *Wisconsin v. Constantineau,* 400 U.S. 433, 438–439, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); *Zwickler v. Koota,* 389 U.S. 241, 250–251, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); *Harman v. Forssenius, supra.*

resentative plaintiffs has been subjected to these statutes. The challenged statutes were originally enacted in 1909. They are not ambiguous on their face; nor have defendants suggested a limiting construction by which a state court could resolve the constitutional claim. We think, therefore, that we should not decline to reach the merits of this case under the traditional formulation of the doctrine of abstention.

More forcefully, defendants contend that the abstention doctrine articulated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), should bar this action. In *Younger,* the Supreme Court held that considerations of comity and the reluctance of equity courts to interfere with criminal prosecutions prevented a federal court from intervening by way of an injunction or declaratory judgment in a criminal prosecution pending in state court. *Younger* was expanded in *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), to apply to a civil proceeding brought under a state's nuisance statute to enjoin exhibition of obscene films.

*Huffman* did not extend *Younger* to apply to all pending state court actions. The Supreme Court characterized the nuisance proceedings as "more akin to a criminal prosecution than are most civil cases." [12] In *Huffman,* the state was a party to the proceedings because the action had been brought by the county prosecutor. Enforcement of the nuisance statute was found to be in aid of, and closely related to, criminal statutes which prohibited the exhibition of obscene materials. The Court, therefore, held *Younger* to apply to civil proceedings only when intervention would disrupt the very interests which would underlie a state's criminal laws.

In *Anonymous v. Association of the Bar of City of New York,* 515 F.2d 427 (2d Cir. 1975), the question was whether intervention in a state disbarment proceeding was comparable to the disruption in *Huffman.* [13] The court found that it was, noting the characterization of the proceedings as quasi-criminal and the state's special interest in controlling the fitness and character of members of the bar.

When the circumstances of the instant case are measured against *Huffman* and *Anonymous,* it is clear that they do not fit within the limited extension of *Younger.* The challenged statutory scheme is designed to facilitate a creditor's collection of a judgment debt. The civil contempt proceedings are initiated by private parties to enforce compliance with subpoenas issued by private attorneys. They are not related to New York's criminal statutes; nor do they play any part in the enforcement of the state's criminal laws. Moreover, the challenged proceedings are defined as civil by the Judiciary Law. [14]

It is also a predicate for *Younger* dismissal that the parties have an opportunity to raise and have their federal issues decided by a competent state tribunal. [15] Under Article 19 of the Judiciary Law, a debtor who fails to appear at the show cause hearing may be found in contempt, fined and subjected to incarceration *ex parte* (§ 770). If the court merely imposes a fine which the debtor fails to pay on demand, a warrant is issued ordering the debtor's imprisonment (§ 756). The challenged statutes, therefore, permit the debtor to be thrown in jail without an actual hearing on the basic issues of whether he has paid or is able to pay the fine, whether his assets were originally exempt from execution, or whether he ever received notice of the

---

12. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604, 95 S.Ct. 1200, 1208, 43 L.Ed.2d 482 (1975).

13. *Anonymous v. Association of the Bar of the City of New York,* 515 F.2d 427, 432 (2d Cir. 1975).

14. Section 753, Article 19, N.Y. Judiciary Law.

15. *Huffman v. Pursue, Ltd., supra,* 420 U.S. at 594, 95 S.Ct. 1200.

order to show cause or was otherwise notified of the hearing.

In *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Supreme Court held that a federal court injunction against the detention of a criminal defendant on the basis of an Information did not violate principles of *Younger.* The Court distinguished between an injunction brought against a state criminal prosecution and one directed against incarceration without a preliminary hearing.[16] Since plaintiffs claim that the statutory scheme challenged here also permits incarceration without a preliminary hearing, *Younger* does not apply.

## CONSTITUTIONAL VALIDITY

Plaintiffs level four independent attacks under the due process clause against the statutory scheme supporting the civil contempt provisions of the Judiciary Law: (1) Sections 756, 757, 770, 773 and 774 permit an adjudication of contempt and order of imprisonment without an actual hearing; (2) Section 757 does not provide for adequate notice or warning of the consequences of failure to appear at the show cause hearing; (3) Sections 756, 770, 772 and 774 subject the debtor to imprisonment without informing him of his right to counsel and to assigned counsel if indigent; and (4) the fines and incarceration permitted under Sections 756, 770, 773 and 774 are punitive. Defendants contend that the notice and hearing provisions of the statutory scheme are sufficient under the due process clause. In examining these contentions, we recognize that the degree of procedural safeguard required by the constitution will be influenced by the importance of the private interest effected.[17]

■ It is clear that the challenged sections of the Judiciary Law provide an opportunity for a hearing at the time the show cause order is made returnable. However, if the debtor does not appear, he is adjudged in contempt and subject to a warrant of commitment. Due process requires more than the mere opportunity to be heard when the interest involved is deprivation of the debtor's liberty. The statutory scheme presently allows imprisonment solely on the basis of a creditor's affidavit of service and an *ex parte* proceeding. A finding of contempt can be properly made only upon a hearing with both parties present.[18] The defect is not cured by providing a hearing within 90 days of incarceration. If a hearing is to serve its full purpose, it must be held before, not after, imprisonment.[19]

■ A concomitant to a fair hearing is notice appropriate to the nature of the case.[20] Here, notice must be complete and clear, given the substantial deprivation of liberty that may result from failure to respond. Fundamental fairness requires that the show cause order contain a clear statement of the purpose of the hearing and a stark warning that

16. *Gerstein v. Pugh,* 420 U.S. 103, 108 n. 9, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

17. *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Fuentes v. Shevin,* 407 U.S. 67, 82, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Joint Anti-Fascist Refugee Comm. v. McGrath,* 341 U.S. 123, 168, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring).

18. *McNeil v. Director, Patuxent Institution,* 407 U.S. 245, 251, 92 S.Ct. 2083, 32 L.Ed.2d 719 (1972); *Harris v. United States,* 382 U.S. 162, 167, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965).

19. *Fuentes v. Shevin, supra; Desmond v. Hachey,* 315 F.Supp. 328 (D.Me.1970); *In re Har-* *ris,* 69 Cal.2d 486, 72 Cal.Rptr. 340, 446 P.2d 148 (1968).

A section providing that, upon arrest for failure to respond to an order to show cause, the sheriff must bring the debtor directly before the court, might pass constitutional muster if the show cause order clearly advises the debtor that failure to respond might result in the issuance of a warrant for his arrest. *Cf. Non-Resident Taxpayers Ass'n of Pa. and N. J. v. Murray,* 347 F.Supp. 399 (E.D.Pa.1972), *aff'd,* 410 U.S. 919, 93 S.Ct. 1356, 35 L.Ed.2d 581 (1973); N.Y. Judiciary Law § 757(2).

20. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

failure to appear may result in contempt of court and imprisonment.[21]

 Moreover, the right to a hearing prior to imprisonment is ineffective without counsel.[22] The debtor cannot be expected to understand, much less to present, the legal and factual defenses to a finding of contempt that might be raised. Surely, a debtor who is deprived of his liberty is as much entitled to due process as is a defendant charged with a crime.[23]

 Finally, although it is well established that judicial sanctions in civil contempt are proper to compensate the complainant for losses sustained or to coerce compliance with a court's order,[24] the sanctions imposed under the challenged statutes are neither remedial nor coercive, but punitive. Where compensation is intended and a fine imposed, it must be based on evidence of the complainant's actual loss.[25] Section 773 requires the imposition of a fine up to $250 plus costs when the alleged contempt has not been shown to have resulted in any loss or injury to the creditor. If coercion is the purpose of the sanction, it can be justified only if the person has the ability to comply. The absence of the procedural safeguards of indictment and jury trial can be justified only by the conditional nature of the imprisonment and the contemnor's continued defiance.[26] Section 756 permits the arrest and incarceration of a debtor, whether or not he is able to comply with the order by paying the fine. To the extent, therefore, that the fines and imprisonment contained in the Judiciary Law are punitive, they cannot be imposed in a civil contempt proceeding.[27]

Accordingly, under the due process clause of the Fourteenth Amendment, we declare unconstitutional and enjoin further application of Sections 756, 757, 770, 772, 773, 774 and 775 of Article 19 of the New York Judiciary Law.

So ordered.

21. See *Lynch v. Baxley,* 386 F.Supp. 378, 388 (M.D.Ala.1974) (three-judge court).

22. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

23. *Cooke v. United States,* 267 U.S. 517, 537, 45 S.Ct. 390, 69 L.Ed. 767 (1925); *United States v. Sun Kung Kang,* 468 F.2d 1368 (9th Cir. 1972); *Abbit v. Bernier,* 387 F.Supp. 57, 62 n. 12 (D.Conn.1974) (three-judge court); *In re Harris, supra.*

24. *United States v. United Mine Workers of America,* 330 U.S. 258, 303–304, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

25. *United States v. United Mine Workers of America, supra,* 330 U.S. at 304, 67 S.Ct. 677; *Leman v. Krentler-Arnold Hinge Last Co.,* 284 U.S. 448, 455–456, 52 S.Ct. 238, 76 L.Ed. 389 (1932).

26. *McNeil v. Director, Patuxent Institution, supra,* 407 U.S. at 251, 92 S.Ct. 2083; *Shillitani v. United States,* 384 U.S. 364, 370–371, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).

27. *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 444, 31 S.Ct. 492, 55 L.Ed. 797 (1911).