Louis B. Heller, J.
By order to show cause the plaintiff has moved to punish the defendant for contempt of court for the defendant’s failure to comply with and to pay to the plaintiff the alimony and counsel fees provided for in a prior court order and divorce judgment. The arrears amount to $1,550 for alimony and $850 for attorney’s fees.
*268 There being no opposition, the court heretofore would ordinarily have granted the motion and ordered that the defendant be punished for contempt with leave to purge. Included in such an order would be a proviso that if the defendant did not comply with the purging terms therein, then without further notice, an order of commitment (i. e., imprisonment) may issue to the sheriff.
This entire procedure is authorized by section 245 of the Domestic Relations. Law and, as provided for therein, enforced by article 19 of the Judiciary Law. Now, however, the constitutionality of the proceeding is in doubt in light of the very recent (Jan. 8, 1976) decision of a three-Judge Federal constitutional court in Vail v Quinlan (406 F Supp 951) enjoining those sections of the Judiciary Law which allow a judgment creditor to be committed. On January 26, 1976, the United States District Court refused to grant a stay of its decision in Vail v Quinlan (supra), and further added that its ruling in Vail applies to all persons "who have been or are presently subject to civil contempt proceedings” under any of the sections (NYLJ, Jan. 27, 1976, p 1, col 2).
The court, in Vail v Quinlan (supra, pp 955-956) specifically declared that sections 756, 757, 770, 772, 773, 774 and 775 of article 19 of the New York Judiciary Law are unconstitutional as being in violation of the due process clause of the Fourteenth Amendment and "that they are void and may no longer be enforced.” The rationale for the court’s holding is set forth in the following paragraphs from the opinion (pp 959-960):
"It is clear that the challenged sections of the Judiciary Law provide an opportunity for a hearing at the time the show cause order is made returnable. However, if the debtor does not appear, he is adjudged in contempt and subject to a warrant of commitment. Due process requires more than the mere opportunity to be heard when the interest involved is deprivation of the debtor’s liberty. The statutory scheme presently allows imprisonment solely on the basis of a creditor’s affidavit of service and an ex parte proceeding. A finding of contempt can be properly made only upon a hearing with both parties present. The defect is not cured by providing a hearing within ninety days of incarceration. If a hearing is to serve its full purpose, it must be held before, not after, imprisonment.
*269 "A concomitant to a fair hearing is notice appropriate to the nature of the case. Here, notice must be complete and clear, given the substantial deprivation of liberty that may result from failure to respond. Fundamental fairness requires that the show cause order contain a clear statement of the purpose of the hearing and a stark warning that failure to appear may result in contempt of court and imprisonment.
"Moreover, the right to a hearing prior to imprisonment is ineffective without counsel. The debtor cannot be expected to understand, much less to present, the legal and factual defenses to a finding of contempt that might be raised. Surely, a debtor who is deprived of his liberty is as much entitled to due process as is a defendant charged with a crime.” (Footnotes omitted.)
Turning now to an examination of the procedures that prevail in the instant case, the starting point is section 245 of the Domestic Relations Law. This section provides that if the debtor husband does not comply with the judgment or orders of the court directing the payment of alimony or other sums of money, an order requiring him to show cause why he should not be punished for contempt may be issued by the court. And like section 757 of the Judiciary Law, which Vail held invalid, section 245 of the Domestic Relations Law does not impose any requirement that the show cause order contain a clear statement of the purpose of the hearing referred to therein or a warning that failure to appear may result in contempt of court and imprisonment. Moreover, there is no requirement that the order include a notice to the debtor husband that he may assert, pursuant to section 246 of the Domestic Relations Law, his financial inability to pay as a defense to the application to punishment for contempt. The pecuniary circumstances of many of these debtor husbands, which often preclude them from obtaining such advice from counsel, warrant that they be so notified in the show cause order of the availability of this defense. Otherwise, "given the substantial deprivation of liberty [i.e., imprisonment] that may result from failure to respond,” the notice would not be complete and appropriate to the nature of this case (Vail v Quinlan, supra (p 959). It is further suggested that in these proceedings the order to show cause should clearly state that if the debtor husband is financially unable to obtain counsel he may apply to the court pro se for the assignment of *270 counsel. This court finds this to be a necessary adjunct to the Vail holding that counsel be provided in contempt cases.
Following the issuance of the show cause order and the failure of the debtor husband to appear for the hearing, under section 245 of the Domestic Relations Law, the punishment of contempt is then imposed pursuant to those sections of the Judiciary Law held invalid in the Vail case — viz., sections 756, 770, 772, 774 and 775.
It is clear, therefore, that the entire procedure by which a debtor husband is held in contempt of court suffers from the same constitutional infirmities as those in Vail v Quinlan (supra). The court, furthermore, takes note of the fact that the city Sheriff’s office, on the basis of the Vail decision, issued a notice to the Bar " 'that effective immediately, he [the sheriff] is prohibited from acting on or executing any arrest order, warrant or commitment for civil contempt’”, including contempt orders jailing husbands who are in arrears in alimony and support payments (NYLJ, Jan. 12, 1976, p 1, col 3).
Accordingly, in reliance on the Vail v Quinlan holding and the reasons expressed therefor, the court finds that the statutory scheme for contempt proceedings pursuant to section 245 of the Domestic Relations Law violates the due process clause of the Fourteenth Amendment and is unconstitutional. Consequently, this court will no longer enforce by contempt proceedings a husband’s obligation to pay an allowance ordered in a matrimonial action.
The court renders this decision with great reluctance, knowing its consequences. Based on the court’s experience over the years, there are, unfortunately, many debtor husbands who will not support their wives and children unless the threat of incarceration, via a finding of contempt, hangs imminently over their heads. Without the availability of this threat these families could find themselves in an unseemly economic plight, possibly requiring them to become public charges. While other remedies are available to the wife to recover past due payments of alimony and child support (see 19 Carmody-Wait 2d, Matrimonial Actions, § 118:88, p 365), they are not nearly as effective as section 245 of the Domestic Relations Law. The court, therefore, strongly urges and recommends to the State Legislature that they take swift action in revising section 245 of the Domestic Relations Law and the relevant sections of the Judiciary Law so that they comply with the *271 due process requirements imposed by the Vail v Quinlan decision and the opinion herein.
In the instant case, the plaintiffs attorney submitted an affidavit, subsequent to oral argument on the order to show cause, seeking an alternative remedy, an entry of judgment pursuant to section 244 of the Domestic Relations Law. The prayer for this relief came too late, however, as the debtor husband was not put on notice that the plaintiff was applying for such an order (Domestic Relations Law, § 244).
Accordingly, the plaintiffs motion is in all respects denied without prejudice to her seeking by a new order to show cause, if she be so advised, the entry of judgment for the amount of the arrears or any other remedy provided by law for the enforcement of arrears.