■ MICHAEL WALKER, Appellant, v JOAN WALKER, Respondent.—In a contempt proceeding, appellant appeals from an order of the Supreme Court, Kings County, dated December 5, 1975, which, after a hearing, *inter alia,* (1) adjudged him in contempt and (2) directed "that the Sheriff of any County of the State of New York or of the City of New York, to whom a certified copy of this order shall be delivered" should, "without further process, take the body of" the appellant and commit him to jail, "to be there detained in close custody" until he paid a fine in the amount of the unpaid arrearages in alimony, child support and counsel fees due the plaintiff, appellant's divorced wife, together with the Sheriff's fees. Order affirmed, with costs. The principal issue in this case arises from appellant's challenge to the constitutionality of section 245 of the Domestic Relations Law on the ground that it denies him due process. Section 245 deals with enforcement by contempt proceedings of a judgment or order in an action for divorce. It provides, in relevant part: "Where the husband, in an action for divorce * * * makes default in paying any sum of money as required by the judgment or order directing the payment thereof, and it appears presumptively, to the satisfaction of the court, that payment cannot be enforced by resorting to the security, if any, given as prescribed by statute, the court, in its discretion, may make an order requiring the husband to show cause before it at a time and place therein specified why he should not be punished for his failure to make the payment; and thereupon proceedings must be taken to punish him, as prescribed in article nineteen of the judiciary law for the punishment of a contempt of court other than a criminal contempt * * * Such order to show cause may also be made without any previous sequestration or direction to give security where the court is satisfied that they would be ineffectual. No demand of any kind upon the husband shall be necessary in order that he be proceeded against and punished for failure to make any such payment * * * personal service upon the husband of an uncertified copy of the judgment or order under which the default has occurred shall be sufficient." Appellant relies on the

decision of a three-judge Federal constitutional court of the United States District Court for the Southern District of New York in *Vail v Quinlan* (406 F Supp 951), which declared sections 756, 757, 770, 772, 773, 774 and 775 of article 19 of the Judiciary Law unconstitutional, and enjoined further application of those sections. The question is whether the ruling in *Vail* is applicable to section 245 of the Domestic Relations Law, and whether this court either is bound to follow the Federal court's holding or, if not so bound, should apply its reasoning in this case. It should be noted at the outset that the determination in the *Vail* case has been stayed by Judge Marshall pending the determination of the appeal therefrom to the Supreme Court of the United States (NYLJ, Feb. 19, 1976, p 1, col 2). In addition, it is clear that this court is not bound by that determination *(United States ex rel. Lawrence v Woods,* 432 F2d 1072; 8 NY Jur, Constitutional Law, § 45; and see a discussion of this issue in the dissenting memorandum of Shapiro, J., in *Matter of Greenwald v Frank,* 47 AD2d 628, 631). For present purposes it is not necessary for us to determine the correctness of the *Vail* decision, for if in fact section 245 of the Domestic Relations Law does not on its face require adequate notice of possible imprisonment (and that is by no means clear), we should, in order to sustain its constitutionality, read such a requirement into it. As the court said in *Matter of Department of Bldgs. of City of N. Y. (Philo Realty Corp.)* (14 NY2d 291, 301–302) in dealing with the 1962 Multiple Dwelling Law: "Although the statute does not in so many words provide for a hearing on that issue, the recitals in subdivision 5 (par. c, cl. 3)—that the court shall grant the application for appointment of a receiver only if it 'shall find' certain facts and that it may, 'after determination of the issue', permit the owner or mortgagee to make the essential repairs instead of appointing a receiver—'import a hearing' at which the owner and mortgagee will have an opportunity to present evidence in opposition to the application. (Cf. *Thompson v. Wallin,* 301 N. Y. 476, 494.)" Here, appellant received all of the due process rights which were denied to the plaintiff in *Vail.* He had been previously imprisoned for violation of the alimony judgment, he was served with proper process bringing on this proceeding and he was represented by counsel who appeared and argued on his behalf. Thus, all of the alleged infirmities in the statutes held unconstitutional in *Vail* are not here applicable. The court there was dealing with a defaulting, impecunious debtor who did not appear at the statutorily guaranteed hearing, who was without any knowledge of the possible consequences to him and who had no counsel. The facts here are the opposite. We have considered all of the other contentions raised by the appellant and find them to be without merit. Latham, Acting P. J., Damiani, Christ, Shapiro and Titone, JJ., concur.