■ ELIEZER SHKOLNIK, Appellant, v JANET SHKOLNIK, Respondent.—Appeal from order, Supreme Court, New York County, entered on November 28, 1975, granting defendant wife's application to hold the plaintiff husband in contempt and committing him to jail, having been superseded by a resettled order, entered on February 26, 1976, is unanimously dismissed. The resettled order is unanimously affirmed for the reasons stated by Grumet, J., at Special Term, with one bill of $40 costs and disbursements of these appeals to respondent. Appellant's claim that his constitutional right to due process and equal protection of the law was violated because he was fined and ordered committed without having been granted the full evidentiary hearing he sought is insubstantial not only for the reasons expressed in *Walker v Walker* (51 AD2d 1029) but more importantly because such a hearing was held some two years earlier and he offers nothing but conclusory statements that his financial condition has since worsened. Having raised no genuine issue as to his ability to pay, there was no requirement that he be afforded a further hearing. *(Agur v Wilson,* 498 F2d 961.) Concur—Markewich, J. P., Lupiano, Silverman, Nunez and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ALSTON, Appellant.—Judgment, Supreme Court, New York County, rendered June 28, 1973, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree, and possession of a weapon as a misdemeanor (two counts), unanimously modified, on the law, to the extent of reversing the conviction on the possession of a weapon as a misdemeanor counts, vacating the sentences imposed thereon and dismissing those counts of the indictment and, as so modified, the judgment is affirmed. The District Attorney concedes that, under the circumstances of this case, the counts of possession of a weapon as a misdemeanor were lesser included concurrent counts to the counts of robbery in the first degree. Defendant's contention that the prosecutor's summation was so improper as to deprive defendant of a fair trial has been examined and found to be without merit. Although not a model of perfection, the summation, viewed as a whole and in the context of the relatively uncomplicated nature of this case, may not be characterized as frustrating the jury in reaching a fair and proper determination on the factual issues based solely upon the evidence. Also, the sentences imposed are clearly not excessive. Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Lynch, JJ.

■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for St. Nicholas Park Urban Renewal Project Stage 2, in the Borough of Manhattan. PAFE MANAGEMENT CORP., Appellant.—The first separate and partial final decree of the Supreme Court, New York County, entered on June 24, 1974, insofar as it makes no award to appellant for Damage Parcel No. 74, title to which respondent had acquired by reason of an in rem foreclosure proceeding it had conducted approximately three months prior to November 2, 1970, the date when title vesting occurred in the condemnation proceeding, is unanimously affirmed, without costs and without disbursements, for the reasons stated by Davidson, J. at Special Term. In the resolution of this appeal consideration has also been given to Special Term's decision after hearing of objections, dated June 11, 1974, which was handed up during the course of oral argument. Concur—Murphy, J. P., Birns, Silverman, Nunez and Yesawich, JJ.